**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR **30** 2008
Apr 30 2008
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

LARRY MAURICE BANKS,

      Petitioner-Plaintiff,

v.

DR. ABRAHAM SUPERINTENDENT OF
ELGIN MENTAL HEALTH CENTER

      Respondent-Defendant.

08CV 2468
JUDGE HIBBLER
MAGISTRATE JUDGE MASON

Request for Evidentiary Hearing
) 7th Amendment Jury Trial

)

)

## MOTION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

1. Name and Location of Court (pre-trial): Cook County Criminal Division 2600 S.

   California Chicago, Illinois 60608.

2. Date of judgment of conviction: N/A (case is in pre-trial)

3. Offense of which petitioner was convicted (list all claims with indictment

   numbers, if known)N/A

4. Sentence imposed N/A

5. What was your plea: Not guilty

   Part III Petitioner's Claim

         State briefly every ground on which you claim that you are being held

   unlawfully. Summarize briefly the facts supporting each ground. You may attach

   additional pages stating additional grounds and support facts. If you fail to set

1

forth all grounds in this petition, you may be barred from presenting additional

grounds later.

Before proceeding in the federal court, you must ordinarily first exhaust your

state court remedies with respect to each ground for relief asserted.

I.    **Ground one**:

**Violation of Due-process under the 14th Amendment**

1. On October 29, 2006, the petitioner was stopped on a traffic ticket which was four

   (4) in number; driving to left of center, operating MTR vehicle without

   insurance, failing to display driver license, lost/mislaid property theft and felony

   charge of was aggravated battery. The petitioner was held for two days without

   probable cause on the date of October 31, 2006. The petitioner was taken to

   Cook County branch 1. Judge Joseph Thomas Hennelly gave the petitioner a

   bond and charged the petitioner with one felony charge and four (4) traffic

   tickets.

2. On November 6, 2006 the petitioner had a preliminary hearing before Judge

   Adam Bourgeois located at Branch 48, 51 Wenthworth who heard the

   petitioner's case under 06-m-114309201. The petitioner informed the court he

   was invoking his sixth amendment right to come pro se and the judge forced

   counsel on the petitioner. After the petitioner informed Judge Adam Bourgeois

   that appointed counsel was not his attorney, and he wanted to confront his

accuser, Judge Adam Bourgeois stated that petitioner made him mad and raised the petitioner's bond from 300,000 to 500,000 dollars for invoking the petitioner's sixth amendment right to precede pro se.

3. On the date of November 6, 2006, Judge Adam Bourgeois informed the petitioner that he had found probable-cause on 720 Ilcs 5/12-4(a) aggravated battery and sent the probable case to the cook county circuit court, criminal division. However after getting the preliminary transcripts from November 6, 2006 and the disposition from that date of November 6, 2006, the petitioner found out that the traffic tickets had been (nolle prosequi) dismissed and from the original police report and which was the probable-cause for police to arrest the petitioner. The felony complaint of aggravated battery in pursuant to 720 ILCS 5/12-4 (a) was also nolle prosequi.

4. The petitioner states that the nolle prosequi is not recorded on the (colloquy) transcript and counsel, which was forced on the petitioner, never informed the petitioner that the case was nolle prosequi in the proceedings of November 6, 2006, in Judge Adam Bourgeois' courtroom.

5. The petitioner states that appointed counsel was forced on the petitioner when the petitioner clearly informed the judicial official Judge Adam Bourgeois that the petitioner wished to proceed pro se.

3

II.    **Ground two:**

## Violation of Fourth Amendment,
### Improper search and seizure

On October 29, 2006, Chicago Police officers Lopez and Fuents stopped

the petitioner for driving to left of center and the report stated:  In summary

above was curbed for driving left of center, upon further investigation above

failed to produce a valid drivers License, and above vehicle displayed temporary

registration #9126326 reported stolen on October 2006, above place in custody

given rights. *AIO's* conducted named check, via leads, and revealed an

investigative alert #29991117 probable cause to arrest. Above brought to *OOB*

district for processing inventory #1 *OB51511B* area1 Det. Segers #20116 notified

court key of J0B Dec 06 BR 34-4

1. The petitioner states that on November 6, 2006 the traffic tickets were (nolle

   prosequi) dismissed by Judge Adam Bourgeois and the traffic tickets where the

   probable-cause for the petitioners arrest on October 29, 2006, but the two

   officers never wrote traffic tickets on the four (4) tickets; see police report dated

   October 31, 2006 and see disposition dated November 6, 2006.

2. The petitioner states that Judge Adam Bourgeois dismissed the probable cause

   and then found probable cause on the felony charge of aggravated battery for

   which there was no warrant for the petitioner's arrest only an investigative alert

   which had the petitioner's so-called name. The petitioner states their was no

4

arrest warrant and the investigative alert said the victim had identified the

petitioner as the shooter, but on October 31, 2006, before the Honorable Joseph

Thomas Hennelly, the victim had filed an affidavit of complaint against the

defendant Larry Banks, but on November 6, 2006 the victim stated that he did

not know the petitioner nor did he have problems, nor had he ever seen the

petitioner before.

3. On December 6, 2006 the petitioner went to Bridgeview for Arraignment before

Judge Victoria Stewart in courtroom 107. The petitioner went before the court

and objected to the charges and went into an oral argument challenging his

illegal detainment on the charges of 14 counts for attempted first degree murders

and three possessions of a fire arm by a convicted felon and three UUW

(unauthorized use of a weapon) and three aggravated battery which came from

one original charge of aggravated battery.

4. The petitioner challenged the bare bones affidavit of complaint under the fourth

amendment. The petitioner stated in the transcript date December 6, 2006 that

the officer violated his fourth amendment right due to violation of illegal seizure

of his person. The petitioner stated that the fourth amendment states that no

warrant shall issue but upon probable cause supported by oath and affirmation

describing the place to be searched and the person(s) to be seized.

5. The petitioner states that judge Victoria Stewart gave the petitioner a transfer of

judge (soj) because of the petitioner's argument of an unlawful arrest.

**6.** The petitioner filed a writ of habeas corpus to the Supreme Court of Illinois, October 29, 2007 for the purpose of addressing the illegal detainment of his body in the Elgin Mental Health Center.

Petitioner states that the Illinois Supreme Court dismissed the writ of habeas corpus without an opinion; submitted is a copy of the writ of habeas corpus and a copy of the dismissal order.

The petitioner states that his fourth amendment right was violated by the two officers Lopez and Fuents stopped the petitioner for a traffic ticket and illegally detained the petitioner without probable-cause and ran the petitioner's name and allegedly came up with an investigative alert, but before the running of the petitioner's name, the petitioner was detained and was not free to go. Petitioner states that Judge Adam Bourgeois dismissed the original probable-cause and incident to arrest.

Petitioner states the incident to arrest came from the traffic stop and those charges were (nolle prosequi) by Judge Adam Bourgeois, and with the probable cause being dismissed, the traffic tickets, the petitioner charge under 720 ILcs 5/12-4(a) aggravated battery must be dismissed, because probable cause came from the original stop. See police report from October 31, 2006. Due to the ex-parte proceeding the felony complaint was "nolle prosequi" which was aggravated battery 720 ILCS 5/12-4 (a)

6

The petitioner states that the fourth amendment is clear in its language which states: No warrant shall be issued but upon probable cause supported by oath and affirmation describing the place to be searched and the person(s) to be seized.

The petitioner states he was illegally detained and the seizure must be reviewed, because the court lost jurisdiction over the petitioner, because the affidavit was bare-bones and it has been clear that the United States Supreme court has addressed the issue of bare-bones affidavit in a clear language. That affidavit of this kind in the case of people of the state of Illinois vs. Larry Banks in case no: 06cr2566601 is unconstitutional and lacks constitutional minimal language.

III.    **Ground Three:**

**Violation of Sixth Amendment to proceed Pro'se**

1. The petitioner states that the constitution affords an individual the right to proceed pro se, but on November 6, 2006 Judge Adam Bourgeois denied the petitioner a fundamental right which the U.S.C. affords the individual. Judge Adam Bourgeois punished the petitioner for invoking such right, and stated that the petitioner's bond was going to be raised. Such punishment violates the doctrine of unconstitutional conditions. The judge appeared to be acting in bad faith, ill will and maliciousness by such violation. See transcript November 6, 2006

Petitioner states that Judge Adam Bourgeois forced the public defender on the petitioner and the public defender failed to secure the petitioner's rights which the constitution protects, such as the right to question the accuser(s) and the accuser's witnesses and to call witnesses on his own behalf to testify to his alibi at the time of the alleged crime.

The petitioner states the appointed attorney failed to ask the petitioner questions about his alibi or the crime and general, the petitioner was forced to be defended by an unwanted public defender.

4. The public defender failed to inform the petitioner that the case had been (nolle prosequi) on the date of November 6, 2006 in branch 48, see transcripts. The petitioner was unable to review the documents, to see the cause of action that the state prosecutor was charging the petitioner with.

5. The petitioner states that on November 6, 2006 the appointed public defender failed to protect the petitioner from misconduct on the unconstitutional actions of the state prosecutor and the judicial misconduct and unethical biasness of Judge Adam Bourgeois. *See preliminary hearing transcripts November 6, 2006.*

6. On December 6, 2006 the petitioner challenged the constitutionality of his arrest before the honorable Victoria Stewart. The petitioner challenged the "affidavit of complaint" because the complaint failed to meet minimal

8

constitutional standards under the fourth amendment. Petitioner's oral argument to Judge Victoria Stewart was that the petitioner wasn't charged with **Fourteen (14) counts.** On November 6, 2006 before Judge Adam Bourgeois, the affidavit of complaint from October 31, 2006 stated that the petitioner was charged with aggravated battery. Nevertheless, on November 6, 2006 Judge Adam Bourgeois and public defender Alexandria was informed that the petitioner wanted to proceed Pro'se, but Judge Adam Bourgeois forced the public defender Alexandria on the petitioner. The public defender waived the petitioner's right to challenge the bare-bones affidavit of complaint and allowed the state to amend the complaint. Also, the public defender failed to inform the petitioner of his amended charges and allowed this element of the records to go unheard, and the Judge Adam Bourgeois never gave the petitioner notice of his amended charges. At the time, the petitioner had in his possession the original "affidavit of complaint" which stated aggravated battery. The arresting officers stopped the petitioner for a traffic ticket and illegally detained the petitioner without probable cause. The petitioner was seized illegally, and the incident to arrest came from the four traffic tickets.

The four (4) traffic tickets were nolle prosequi by Judge Adam Bourgeois and this was done through and ex-parte proceeding which was held at branch 48 on November 6, 2006. The original charge of aggravated battery 720 ILCS 5/12-4 (a) was nolle prosequi also, but Judge Adam Bourgeois kept the defendant detained in Cook County with no probable cause.

9

8. These proceedings demonstrate bad-faith and ill-will of the forced public
defender Alexandria in failing to secure the petitioner's fundamental rights
which the constitution protects, such as the right to question the accuser(s) and
the accuser's witnesses, to call witnesses on his own behalf to testify to his alibi
at the time of the alleged crime, and to secure his equal protection of the law

The petitioner states that the traffic tickets were dismissed because there were no
traffic tickets written on the petitioner and this shows that the arrest was illegal
and the public defender failed to effectively represent the petitioner in the
probable-cause hearing on November 6, 2006.

### IV. Ground Four:
### Prosecutorial Misconduct

On October 29, 2006 Officer Lopez and Fuentes charged the petitioner with
four (4) traffic tickets and detained the petitioner for an investigative alert under
# 299941117 which the investigative alert stated the accuser positively identified
the petitioner as the shooter by pointing out the petitioner in an array of photos.

2. Petitioner states that the procedure is to get an arrest warrant for the petitioner, but
after staying in the police station for 48 hours without probable cause the

petitioner was charged by way of a felony complaint form which the charge was aggravated battery

3. The petitioner states that on October 30,2006 states attorney Mike Hogan filed the charge for probable-cause under case no:06-m-114309201 which the felony complaint states the statutory provision of aggravated battery

4. On October 31, 2006 the petitioner was transferred to cook county for a bond hearing in Branch 1 in front of the honorable Judge Joseph Thomas Hennelly which their was four(4) traffic tickets and the major charge was aggravated battery, and bail was set at three hundred thousand dollars 300,000 USD.

5. Probable cause was found on October 31, 2006 by the honorable Judge Joseph Thomas Hennelly and the only felony charge was aggravated battery. It was transferred to 51 Wentworth for a probable-cause hearing on the charge of aggravated battery.

6. On November 6, 2006 Judge Adam Bourgeois found probable-cause on Aggravated battery and it was brought to the petitioner's attention that the three traffic tickets were (nolle prosequi) dismissed on November 6, 2006, along with the felony charge. On November 14, 2006 the prosecutor at cook county criminal division went to the honorable Judge Paul P. Biebel with the charge of Aggravated battery that was nolle prosequi by Judge Adam Bourgeois on November 6, 2006. The petitioner states that he was sent to cook county for arraignment before the Honorable Paul P. Biebel, and on November 29, 2006 the states attorney presented information with fourteen (14) counts of which included four (4) attempt first degree murders and three (3) aggravated battery

11

and numerous other charges, but the disposition shows five counts total. Four traffic tickets and one felony charge which was aggravated battery. Due to the petitioner not receiving actual notice of his amended charges during the proceeding, the state has misused the proceeding and forced counsel allowing the petitioner's rights to be violated with a clear conscious that the petitioner's rights were being violated, and did nothing to assist in the defense of the petitioner's case.

8. The petitioner states that the prosecutor has violated the Illinois constitution of 1970, article 1 section 8 which states that a prosecutor can only bring charges by either a preliminary hearing or an indictment. On November 6, 2006 the petitioner had a probable cause hearing and probable-cause was found on a traffic ticket. The state failed to properly amend the charge or upgrade the charges to an attempted first degree murder on the colloquy (transcripts).

9. On November 29, 2006 the states attorney took the case to the honorable Judge Paul Biebel Jr. and he approved the charges when the petitioner wasn't given notice to the information with fourteen (14) new counts, where as the honorable Judge Adam Bourgeois on November 6, 2006 found the probable cause on aggravated battery.

10. The prosecutor has sworn to charges where there was no indictment but information which came from the original charge of a traffic ticket. *See transcripts of November 6, 2006, also disposition of November 6, 2006.*

12

11. The petitioner states that while a grand jury may properly return an indictment charging an offense differently from that which was found in a preliminary hearing, it must be a charge returned by that body and not as a result of prosecutorial misconduct.

12. Petitioner states that the prosecutor has violated the petitioner's right to due-process, and this has caused the petitioner to have to defend himself to information that is false, and their was no discovery in the pre-trial discovery which informs the petitioner to a proper defense.

13. The petitioner has shown that the prosecutor violated clearly established constitutional rights which the constitution of the United States guarantees to every citizen to be free from illegal detainment. See transcripts November 6, 2006 and the police report dated October 31, 2006 and the affidavit of complaint, which is now missing with the dead file of the "nolle Prosequi" date 11-06-06.

## V. Ground five:

### Violation of Fifth Amendment Double Jeopardy Clause

1) On the date of 11-6-06, Judge Adam Bourgeois had a ex-parte hearing where the charges of aggravated battery 720 ILCS 5/12-4(a) and three (3) traffic tickets were "nolle prosequi". As result of the ex-parte hearing, the defendant "Larry Maurice Banks" had no knowledge of the "nolle prosequi". Since Judge Adam Bourgeois found probable cause, the defendant was told probable-cause was found on 11-6-06. On the date of 11-6-06 Judge Adam Bourgeois "nolle prosequi" and the certified disposition from clerk Dorothy Brown indicates that the charges were nolle prosequi in the municipal court of Cook County.

2) Judge Bourgeois forced public defender "Candace Alexander" upon the

13

defendant and she failed to protect the defendant's constitutional right to equal protection of the law.

3) Never was the defendant informed of his charges in the municipal court in Branch 48,51 Wentworth

4) After being locked up for one year, the defendant called the clerk at Branch 48 located at 51 Wentworth and was informed to contact the clerk at 50 West Washington, Chicago, Illinois 60601 and pay for the disposition and order the Dead-file

5) The petitioner states that the charges were "nolled prosequi" and the records doesn't reflect the transcripts because of the ex-parte proceeding and the ex-parte communication. The attorney allowed the state prosecutor to violate the petitioner's due process rights and the double jeopardy clause. The double Jeopardy clause is a factor in the petitioner's case due to the adjudication of the proceedings in the favor of the defendant.

6) The petitioner states that the ex-parte communication was a conspiracy of silence in the court, due to the illegal detainment of the defendant. On 11-14-06 the prosecutor brought an information which had fourteen (14) counts of various charges

7) The petitioner's original affidavit of complaint was "nolle prosequi" and the prosecutor brought several other charges where there was no proceeding used to establish probable-cause; neither is there an indictment against the petitioner. The prosecutor has presented "information" which was under oath and affirmation and is still using the adjudication of aggravated battery 720 ILCS 5/12-4(a) and the three (3) traffic tickets.

8) The petitioner states the original affidavit and the dead-file has come up missing and the court clerk at 50 West, Washington cannot find the dead file

9) The petitioner states that the original charge was adjudicated in his favor due to the state's attorney failure to prosecute the petitioner on false charges.

10) The affidavit of complaint only states "aggravated battery".

11) The public defender "Candace Alexander" failed to protect her client's rights and allowed the court to proceed with an ex-parte proceeding.

12) Due to the public defender Candace Alexander "ineffective assistance" the charges were "nolle prosequi" and adjudicated in the petitioner's favor and the court records are missing and its not in the petitioner's preliminary hearing transcripts.

13) The certified and sealed disposition shows that the charges were "nolle prosequi" in the petitioner's favor because of the prosecutor's failure to prosecute the petitioner on the "affidavit of complaint",

14) The petitioner states that the charges of aggravated battery 720 ILCS 5/12-4(a) was "nolle prosequi" in the petitioner's favor and the prosecutor's failure to inform the petitioner of his "nolle prosequi" shows this forum that the municipal court had a hidden agenda in the cause. See preliminary hearing transcripts,

15) The petitioner states that the charges were adjudicated in a final disposition of the case under the charge of aggravated battery 720 ILCS 5/12-4(a) and three traffic tickets.

16) The petitioner states that due to his illegal detainment on the false charges which were insufficient in the nature were "nolle prosequi" in the petitioner's favor, and since the states attorney's failure to bring a "prima facia" showing of preliminary evidence to warrant probable-cause.

17) The prosecutor "nolle prosequi" the case and used the judicial system as a tool for malicious prosecution and now the defendant has to prepare a, defense when the prosecutor "nolle prosequi" the proccedings. The preliminary hearing is not a trial in nature, but a hearing for probable cause which in language is a pre-requisite the matter and finding of the municipal court is binding on the records of the court.

18) The petitioner states that the proceeding was final because the records were sent to the clerk of records to be placed in the dead-files now they have come up missing because of the legal argument of the petitioner on the issues of double jeopardy

19) The petitioner has suffered at the hands of the state actors acting in bad-faith to the point of harassment and the prosecutor has violated

clearly established law.

## VI. **Ground six:**

## Violation of the fundamental right of access to the courts

The petitioner was incarcerated in cook county jail from October 31, 2006 until August 2, 2007 before being transferred to Elgin Mental Health Center. The petitioner asked Judge Wasilewski in the courtroom 109 for an order for reasonable access to a law library so that the petitioner may mount his defense and Judge Wasilewski denied the petitioner's request and stated that he wasn't going to grant the petitioner's fundamental right to access to the courts.

2. The petitioner objected to the charges before Judge Wasilewski on the date of December 29, 2006 and Judge Wasilewski stated that the petitioner couldn't make an oral argument before the court, but it had to be in writing.

3. The petitioner has been denied access to a constitutional acceptable law library or a constitutional acceptable alternative means for preparing legal documents at Elgin Mental Health Center. In fact Elgin Mental Health Center doesn't have a law library of any kind and therefore doesn't meet constitutional standards pertaining to prisoner's rights to access the courts.

4. Upon information and belief, the judge caused the petitioner to be sent to Elgin Mental Health center knowing that the center doesn't have access to a constitutionally acceptable law library. The purpose was for giving the petitioner no other choice other than complying to having the public defender represent him even though the petitioner stated that he wished to represent himself.

5. Judge Thomas Davy located in courtroom 109 Bridgeview Illinois denied the petitioner's motion for pre-trial discovery. The petitioner wished to have possession of discovery so that he could properly and effectively mount his defense, but he was denied such. In multiple court hearings, the petitioner requested to be given pre-trial discovery but every request was denied by the judge.'

6. On October 2, 2007 Judge William Lacy and states attorney had an ex-parte hearing where the petitioner filed a writ of habeas corpus and the writ of habeas corpus was denied by Judge William Lacy.

7. The petitioner has continued to file documents with the higher courts such as the supreme court of Illinois. The supreme court of Illinois denied the petitioner's writ of habeas corpus which left the petitioner illegally detained and still denying the petitioner access to a constitutionally acceptable law library or the constitutionally acceptable alternative method for researching and preparing his legal documents so that he may effectively present his case to the courts. See writ of habeas corpus 10/29/07

**VII. Ground seven:**

**State Actors are proceeding in bad faith in petitioner's case**

1. Due to pleadings alleging criminal activity, fraud, and misconduct on the part of state actors must be plead in detail and with specificity, the facts and arguments as set forth in petitioner's pre-trial petition for a constitutional Writ of Habeas Corpus no: 105514 filed in the Supreme Court of Illinois on October 26, 2007, are by this reference incorporated herein as if set forth verbatim (copy attached hereto in the appendix). Such fact pattern

set forth in detail and with specificity conduct on the part of the officers of the court that

portray criminal activity, fraud, misconduct, and a scheme or artifice, among other things,

evade or avoid accountability on the part of state actors for their wrong doing of

depriving the petitioner of fundamental rights, and defrauding the citizens of Illinois of

honest government services under the federal mail fraud statue.  The facts apparent on the

record in petitioner's case show that when state actors learned of misconduct on the part

of fellow judicial officials instead of reporting such misconduct to appropriate authorities,

such actors aided and abet in the effect not to report or engaged in a "code of silence"

ignoring such wrongdoing and thus commit inter alia misprision of a felony.

Verification- Petitioner's signature I the undersign swear under the pains and penalties of

perjury that the knowledge contained in this Writ of Habeas Corpus is true and correct to

the best of my knowledge and belief. I the undersign offers to show proof to the courts in

this Writ of Habeas Corpus.

Petitioner brings the instant petition for a Writ of Habeas Corpus pursuant to Constitution
Article 1, section 9, clause 2, and 28 U.S.C. § 2241 (to the extent these may be different)
Walker vs. O'Brien, F. 3d 626 (7th Cir 2000)

Exhaustion of state remedies does not apply under 28 U.S.C. § 2241, see, e.g. White
vs. Lambert 370 F.3d 1002, 1008 r. 4 (9th 2004).


  Respectfully Submitted

  *LARRY MAURICE BANKS*

:LARRY :MAURICE :BANKS  Date: 4-25-08

*Exhibit A*

**JEWEL WILLIAMS, CSR**
**OFFICIAL COURT REPORTER**
**2650 SO. CALIFORNIA-4C02**
**CHICAGO, ILLINOIS   60608**
**773-869-6065**

MR. LARRY BANKS
750 S. STATE ST.
ELGIN, IL.   60123
847-429-5730

| DATE | CASE | AMOUNT |
|------|------|--------|
| 12-18-07 | PEO. VS. LARY BANKS | $12.60 |
| | NO. 06-CR-25666 | |
| | CHARGE: (ATT) ATTEMPT MURDER, ETC. | |
| | JUDGE:  DENNIS J. PORTER | |
| | DATE:  11-29-06 | |

**4 PGS @ $3.15 PER PAGE**

**THANK YOU**

1    STATE OF ILLINOIS   )
                         )   SS:
2    COUNTY OF C O O K   )

3                    IN THE CIRCUIT COURT OF COOK COUNTY
                     COUNTY DEPARTMENT-CRIMINAL DIVISION
4
     THE PEOPLE OF THE    )
5    STATE OF ILLINOIS,   )
                          )       Criminal
6            Plaintiff,   )
                          )       No. 06-CR-25666
7        vs.              )
                          )    Charge:   (Att) Attempt First
8    LARRY BANKS,         )              Degree Murder, etc.
                          )
9            Defendant.   )

10            REPORT OF PROCEEDINGS had of the hearing

11    in the above entitled cause, before the Honorable

12    DENNIS J. PORTER, Judge of said court, on the 29th day

13    of November, 2006.

14        APPEARANCES:

15            HONORABLE RICHARD A. DEVINE,
                  State's Attorney of Cook County, by:
16            MS. JO TRACEY,
                  Assistant State's Attorney,
17                for the People of the State of Illinois.

18

19

20

21

22
     J. D. Williams, CSR #084-001757
23   Official Court Reporter
     2650 S. California Ave.-4C02
24   Chicago, Illinois  60608

                              1

1                           I N D E X

2

3        Date of Hearing:    11-29-06

4        Page Numbers:    1 through 4

5

6                           PROCEEDINGS

7

8        Continuance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1           THE COURT:    Larry Banks, Judge Stewart for 12/6.

2                          (The above-entitled cause was

3                          continued to December 6, 2007.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS    )
                          )    SS:
2    COUNTY OF C O O K    )

3

4            I, Jewel Williams, an Official Court

5    Reporter for the Circuit Court of Cook County, County

6    Department-Criminal Division, do hereby certify that I

7    reported in shorthand the proceedings had in the above

8    entitled cause, that I thereafter caused the foregoing

9    to be transcribed into typewriting, which I hereby

10   certify to be a true and accurate transcript of the

11   Report of Proceedings had before the Honorable

12   DENNIS J. PORTER, Judge of said court.

13

14

15   _____
                    Official Court Reporter
16                       084-001757

17

18

19

20

21

22

23

24

4

*Exhibit B*

Arraign. Date: 11/29/067
Org. & 1 - 12 pgs

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST MUNICIPAL DISTRICT

THE PEOPLE OF THE )
STATE OF ILLINOIS, )
)
Plaintiff, )
)
vs )    No.   06 MC1 143092
)
LARRY BANKS, )
)
Defendant. )


REPORT OF PROCEEDINGS had at the hearing of the
above-entitled cause, before the Honorable ADAM D. BOURGEOIS,
Jr., one of the Judges of said court, on Monday, the 6th day
of November, A.D., 2006.


    APPEARANCES:
        HON. RICHARD A. DEVINE,
        State's Attorney of Cook County, by
        MS. TRACY SENECA,
        Assistant State's Attorney,
            appeared for the People;

        HON. EDWIN A. BURNETTE,
        Public Defender of Cook County, by
        MS. CANDACE ALEXANDER,
        Assistant Public Defender,
            appeared for the Defendant.


PATRICIA J. THOMPSON, C.S.R.
Official Court Reporter
69 West Washington Street - #900
Chicago, Illinois 60602
(312) 603-8400
C.S.R. License #084-003183

1

1          THE CLERK: Larry Banks.

2                          (Witness sworn.)

3          THE COURT: Any objections to the amendments of the

4     complaint?

5          MS. ALEXANDER: No objection.

6          THE COURT: You may begin.

7                          QUINTIN HAMPTON,

8     called as a witness on behalf of the People herein,

9     after having been first duly sworn, was examined and

10    testified as follows:

11                        DIRECT EXAMINATION

12                              BY

13                         MS. SENECA:

14         Q     Sir, can you state and spell your name for

15    the record.

16         A     Quintin Hampton, Q-u-i-n-t-i-n H-a-m-p-t-o-n.

17         Q     Sir, directing your attention to October 26,

18    2006 at approximately 10:45 p.m.

19              On that date were you in the area of 5918

20    South Rockwell in the City of Chicago, County of Cook,

21    State of Illinois?

22         A     Yes, ma'am.

23         Q     And do you see anybody here in court that you

24    saw on this date and at that time and location?

                              2

1          A     Gentleman to my left in the DOC Uniform.

2          THE COURT: The record ill reflect in-court

3     identification of the defendant.

4     BY MS. SENECA:

5          Q     And sir, what was the defendant doing on this

6     date when you observed him?

7          A     The defendant came up out of the alley with a

8     gun, and I was telling him and his homies to get out

9     from in front of my crib.

10         Q     I will stop you for just one second.

11               You were telling the defendant and other

12    people to get out of in front of your crib?

13         A     In front of my house, they was arguing and

14    everything.

15         Q     How many people were there approximately?

16         A     Seven to eight.

17         Q     And as you were telling people to get --

18    leave, what did you observe the defendant do?

19         A     Little brother seen the defendant come from

20    out of the alley with a gun.

21         MS. ALEXANDER: Objection to what his little

22    brother saw.

23         THE COURT: Only what you saw.

24         THE WITNESS: Okay.

3

1    BY MS. SENECA:

2        Q    What did you see the defendant do?

3        A    Defendant came from out of the alley with a

4    gun.

5        Q    Did you see him with a gun?

6        A    I seen him with the gun.

7        Q    Where was the gun when you saw him?

8        A    He had it in his right hand, and he was

9    pointing it at everybody, so when he came towards my

10   way with the gun, I ran into the door, and when I shut

11   the door, I seen him shoot the gun.  It went through

12   the door and hit me in the chest.

13       Q    Did anybody else out there -- all those other

14   people out there, did anybody else have a gun?

15       A    No, he had the only one.

16       MS. ALEXANDER: Objection to what anybody else had.

17       THE COURT: Overruled.

18       THE WITNESS: He was the only one with a gun.

19   BY MS. SENECA:

20       Q    You went inside the house and saw him lifting

21   up the gun and pointing it?

22       A    Exactly.

23       Q    So you were inside the house when you were

24   shot?

4

1          A    Uh-huh, I was closing the door when he pulled

2     the trigger.

3          Q    And did you receive treatment for your

4     injuries?

5          A    I have to go to therapy when the bones heal.

6          Q    Is the bullet still inside of you?

7          A    No, the bullet went straight in and straight

8     out.

9          Q    Do you have any fractures or broken bones as

10    a result?

11         A    Shoulder is fractured.

12         MS. SENECA: Nothing further.

13                    CROSS-EXAMINATION

14                         BY

15                    MS. ALEXANDER:

16         Q    Mr. Hampton, do you know Mr. Banks?

17         A    No, I do not.

18         Q    Had you ever seen him before that date?

19         MS. SENECA: Objection, relevance, Judge.

20         THE COURT: Sustained.

21         THE WITNESS: No.

22    BY MS. ALEXANDER:

23         Q    When you say you observed him coming out of

24    the alley, was he coming out of the alley with these

                              5

1    other seven or eight people?

2        A   No, he came out of the alley by himself with

3    the gun.

4        Q   And when they were arguing, were they arguing

5    in the alley or in front of that address?

6        A   No, they was in front of my address.

7        Q   Which is the 5918 South Rockwell?

8        A   South Rockwell, yes.

9    MS. SENECA: Objection.

10    THE COURT: Overruled.

11   BY MS. ALEXANDER:

12       Q   How close or far away were you when you say

13   you saw him come out of the alley?

14       A   Twenty feet, wasn't hard to recognize.

15       Q   Were you on the porch or on the street?

16       A   I was on the porch.

17       Q   Was there anything between yourself and where

18   Mr. Banks was standing or walking?

19       A   No.

20       Q   And when you made that association, how long

21   would you say you saw him for when he came out of the

22   alley with the gun before you turned around and went in

23   the house?

24       A   Say maybe like ten seconds.

1      Q    And you said you closed the door behind you,

2  correct?

3      A    When I closed the door --

4      Q    Correct, I'm just asking did you close the

5  door behind you?

6      A    Yea, when I closed the door behind me, that's

7  when I seen him pull the trigger.

8      Q    Is there a window or glass in that door, or

9  is it a solid door?

10     A    No, when I closed the door, it's cracked

11  before I closed it.  When I closed it, that's when he

12  fired the weapon, and it went through the door and hit

13  me in my chest.  That's how I know he shot me.

14     Q    I'm asking is the door a solid door or --

15     A    It's a solid door.

16     Q    Or is there a window in the door?

17     A    No, it doesn't have a window.

18     MS, ALEXANDER: Thank you, sir, nothing further.

19     THE COURT: Finding probable cause, transfer to the

20  Presiding Judge November 29th.  Defendant's demand for

21  trial will be noted for the record.

22          You think I've got to worry about him getting

23  out of jail?  His bond is $300,000.  See, the jail lets

24  people out too easily.

7

1              Tracey, what's his background?

2         MS. SENECA: He has two felony convictions, Judge.

3    One is an armed robbery and one is a theft.  The armed

4    robbery involved a 12-year old victim in 1993 and in

5    1996 for theft.

6         MR. BANKS: May I speak?

7         THE COURT: No, you may not.  I'm worried about the

8    jail letting you out on home detention or something.

9    I'm trying to make up my mind.

10             All right, let it stand as it is, November

11   29th.

12        MR. BANKS: Can I ask another question?  When I

13   talked to the prosecutor, I told him that I wasn't even

14   there, that I would have witnesses that I wasn't even

15   there.

16        THE COURT: Mr. Banks, this is just a preliminary

17   hearing.

18        MR. BANKS: I understand that, sir, but --

19   I want to preserve the colloquy, the transcript,

20   because at trial, you know what I'm saying?

21        THE COURT: What transcript?  The court reporter is

22   right here.

23        MR. BANKS: And that's why I need a copy.

24        THE COURT: You will get a copy.

8

1      MR. BANKS: I need a copy of what the police

2    narrative and affidavit in the --

3      THE COURT: You will get all that.  I will

4    guarantee you will get all that.

5      MR. BANKS: What I'm trying to do -- I need it

6    probably today because what I'm trying to do is file a

7    writ of habeas corpus.

8      THE COURT: Mr. Banks, you will have every

9    opportunity to file whatever you want to file, and you

10   will get every piece of material that you are entitled

11   to have, so when you get over to 26ᵗʰ Street, you will

12   be assigned a trial judge.  That's when you will start

13   getting all of that material.

14     MR. BANKS: What I want to -- what I can't

15   understand, for the record, is how she can represent me

16   when I said I wanted to go pro se.  It's my

17   Constitutional Right.  It seems to me I have been

18   forced into counsel.  I said that I wanted to come pro

19   se.

20     THE COURT: You will get an opportunity to

21   represent yourself.  This is not a trial.

22     MR. BANKS: I understand that, but I still wanted

23   to come pro se.

24     THE COURT: What other questions did you want to

9

1    ask that she didn't ask?  What questions do you want to

2    ask?

3         MR. BANKS: I wanted to ask a number of questions.

4         THE COURT: Tell me, what else did you want to ask?

5         MR. BANKS: Well, I wanted to ask him was he making

6    -- I wanted to put --

7         THE COURT: What questions did you want to ask the

8    witness today?

9         MR. BANKS: I wanted to put a witness on which had

10   a statement for like an individual in court.

11        THE COURT: Mr. Banks, again, I wouldn't have

12   allowed you to put any witness on, because it would

13   have been against your interest to do so at this point.

14        Do you understand?  I wouldn't have let you

15   do it, because it is not the point in which you want to

16   do that.

17        MR. BANKS: So you are telling me that I'm being

18   penalized because I want to go pro se?

19        THE COURT: You will be penalized?

20        Now I have a problem.  I'm worried about you.

21        Bond increased to $500,000 D.  Take him in

22   the back.

23                     (Which were all the proceedings had

24                      at said date and time.)


                              10

STATE OF ILLINOIS      )
                       ) SS:
COUNTY OF C O O K      )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DIVISION - FIRST MUNICIPAL DISTRICT

I, Patricia J. Thompson, Official Court Reporter of the Circuit Court

of Cook County, Municipal Department - First Municipal District, do hereby

certify that I reported in shorthand the proceedings had on the hearing in the

aforementioned cause; that I thereafter caused the foregoing to be transcribed into

typewriting, which I hereby certify to be a true and accurate transcript of the

Report of Proceedings had before the HONORABLE ADAM D. BOURGEOIS,

JR., Judge of said Court.

Official Court Reporter
License # 084-003183
Dated: 10/30/07

11

1             Judy Dziewior

2         Official Court Reporter

3      69 West Washington Suite 900

4         Chicago, Illinois  60602

5             312-603-8498

6

7   12-14-07

8   To:   Mr. Larry Banks

9         5914 S. Washenaw

10        Chicago  60629

11         847-429-5730

12      Re:  People -vs- Larry Banks

13        06 M1 14309201

14        Taken on 10-31-06  Br.1

15        Judge Thomas Hennelly

16

17      4  pages @  $3.15 . . . . . .   $12.60

18

19      Total due   . . . . . . . . . . $12.60

20

21             Thank  You

22

23

24

25

```
 1   STATE OF ILLINOIS   )
                          )  SS:
 2   COUNTY OF C O O K    )

 3
             IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
 4               COUNTY DEPARTMENT - MUNICIPAL DIVISION

 5
     THE PEOPLE OF THE          )
 6   STATE OF ILLINOIS,         )
                                )
 7            Plaintiff,        )
        vs.                     )  Case No. 06 M1143099201
 8                              )
     LARRY BANKS,               )
 9                              )
              Defendant.        )
10
```

11        REPORT OF PROCEEDINGS of the trial had before

12   the Honorable Thomas Hennelly , Judge of the Municipal

13   Division, heard on the 31st day of October, 2006.

14
     APPEARANCES:
15
             HON. RICHARD A DEVINE,
16           State's Attorney of Cook County, by:
             Assistant State's Attorney
17           appeared for the People;

18           MS. RITA FRY,
             Public Defender of Cook County, by
19           Assistant Public Defender
             appeared for the Defendant.
20

21   Judith A. Dziewior
     Official Court Reporter
22   C.S.R. 084-004479

23

24

25

                                1

1          THE CLERK:   Number 8, Larry Maurice Banks.

2          THE COURT:   State.

3          ASSISTANT STATE'S ATTORNEY:   Charge at this time

4    it Class X aggravated battery with a firearm, occurred

5    October 26, 2006 at 5918 South Rockwell, Chicago, Cook

6    County, Illinois.

7          Approximately 8:45 p.m., the victim as well as

8    two witnesses came down from the second floor apartment

9    to the front porch of that address after hearing arguing

10   in front of their home.

11         When they got to the poarch, told the people who

12   were arguing to leave.   They were with the five or six

13   people in front of the house including the defendant.

14   The victim was talking to another member from the group.

15         The defendant went around the yard and into a

16   gangway.   He returned in a short time with a long barrel

17   firearm, pointed it at the victim, as well as the

18   witness and then fired the weapon when the victim closed

19   the door.   The bullet penetrated the door and went into

20   the victim's shoulder.   Victim sustained a through and

21   through gun shot wound to the shoulder.

22         THE COURT: I find that Gerstein is satisfied.

23                Background for bond.

24         ASSISTANT STATE'S ATTORNEY:   We are requesting

25   special conditions, no contact with the victim.

2

1

2          THE COURT: Granted.

3          ASSISTANT STATE'S ATTORNEY:   Thank you.

4                Two felony convictions in defendant's

5    history including an armed robbery of a twelve year old

6    victim that the victim was held at gun point.

7                It is extendable based on prior Class X

8    between last ten years, also failure to appear in court.

9                ASSISTANT PUBLIC DEFENDER:   30 years of age,

10   life long resident.   Has a child, one. We'd be asking

11   for Cermak mitt.

12               THE COURT: We'll let the sheriff determine

13   that.   Bond Mr. Banks is $300,000-D, November 6th,

14   Branch 48, call four.   That's your next court date.

15                      (WHEREUPON these were all the.

16                       Proceedings had in the above.

17                       Matter this date.)

18

19

20

21

22

23

24

25

3

1          IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT

2                          COOK COUNTY, ILLINOIS

3

4          I, JUDITH A. DZIEWIOR, an Official Court Reporter

5     within and for the Circuit Court of Cook County,

6     Municipal Division, do hereby certify that I have

7     reported in shorthand the proceedings had at the hearing

8     of the above-entitled cause; that I thereafter caused

9     the foregoing to be transcribed into typewriting

10    electronically, which I hereby certify is a true and

11    accurate transcription of my stenographic notes and

12    contains all the matters of the proceedings so taken as

13    aforesaid before the Honorable Thomas Hennelly, Judge of

14    said court.

15

16

17

18                          Official Court Reporter

19                          C.S.R. 084-004479

20

21    Dated this _____ day of

22    _____ 2007.

23

24

25

                                  4

*Exhibit D*

1   STATE OF ILLINOIS    )
                         )   SS:
2   COUNTY OF C O O K    )

3
          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4               COUNTY DEPARTMENT - MUNICIPAL DIVISION

5
    THE PEOPLE OF THE          )
6   STATE OF ILLINOIS,         )
                               )
7              Plaintiff,      )
       vs.                     )   Case No. 06 M1143099201
8                              )
    LARRY BANKS,               )
9                              )
               Defendant.      )
10

11        REPORT OF PROCEEDINGS of the trial had before

12   the Honorable Thomas Hennelly , Judge of the Municipal

13   Division, heard on the 31st day of October, 2006.

14
     APPEARANCES:
15
            HON. RICHARD A DEVINE,
16          State's Attorney of Cook County, by:
            Assistant State's Attorney
17          appeared for the People;

18          MS. RITA FRY,
            Public Defender of Cook County, by
19          Assistant Public Defender
            appeared for the Defendant.
20

21   Judith A. Dziewior
     Official Court Reporter
22   C.S.R. 084-004479

23

24

25

1

1        THE CLERK:  Number 8, Larry Maurice Banks.

2        THE COURT:  State.

3        ASSISTANT STATE'S ATTORNEY:  Charge at this time

4   it Class X aggravated battery with a firearm, occurred

5   October 26, 2006 at 5918 South Rockwell, Chicago, Cook

6   County, Illinois.

7        Approximately 8:45 p.m., the victim as well as

8   two witnesses came down from the second floor apartment

9   to the front porch of that address after hearing arguing

10  in front of their home.

11       When they got to the poarch, told the people who

12  were arguing to leave.  They were with the five or six

13  people in front of the house including the defendant.

14  The victim was talking to another member from the group.

15       The defendant went around the yard and into a

16  gangway.  He returned in a short time with a long barrel

17  firearm, pointed it at the victim, as well as the

18  witness and then fired the weapon when the victim closed

19  the door.  The bullet penetrated the door and went into

20  the victim's shoulder.  Victim sustained a through and

21  through gun shot wound to the shoulder.

22       THE COURT: I find that Gerstein is satisfied.

23            Background for bond.

24       ASSISTANT STATE'S ATTORNEY:  We are requesting

25  special conditions, no contact with the victim.

2

1

2          THE COURT: Granted.

3          ASSISTANT STATE'S ATTORNEY:  Thank you.

4              Two felony convictions in defendant's

5   history including an armed robbery of a twelve year old

6   victim that the victim was held at gun point.

7              It is extendable based on prior Class X

8   between last ten years, also failure to appear in court.

9              ASSISTANT PUBLIC DEFENDER:  30 years of age,

10  life long resident.  Has a child, one. We'd be asking

11  for Cermak mitt.

12             THE COURT: We'll let the sheriff determine

13  that.  Bond Mr. Banks is $300,000-D, November 6th,

14  Branch 48, call four.  That's your next court date.

15                  (WHEREUPON these were all the.

16                  Proceedings had in the above.

17                  Matter this date.)

18

19

20

21

22

23

24

25

                              3

1          IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT

2                      COOK COUNTY, ILLINOIS

3

4          I, JUDITH A. DZIEWIOR, an Official Court Reporter

5     within and for the Circuit Court of Cook County,

6     Municipal Division, do hereby certify that I have

7     reported in shorthand the proceedings had at the hearing

8     of the above-entitled cause; that I thereafter caused

9     the foregoing to be transcribed into typewriting

10    electronically, which I hereby certify is a true and

11    accurate transcription of my stenographic notes and

12    contains all the matters of the proceedings so taken as

13    aforesaid before the Honorable Thomas Hennelly, Judge of

14    said court.

15

16

17                     _____

18                            Official Court Reporter

19                            C.S.R. 084-004479

20

21    Dated this _____ day of

22    _____ 2007.

23

24

25

                                  4

Exhibit E

THE HONORABLE DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL

DATE: 11/26/2007   TIME: 12:00PM
TN: 0038-0001   RN: 00022633
DIST: 01 DIV: Criminal
CRM1-069 CASHIER: NALINP    CR#:  649

ATTORNEY NO: 00000

REF CASE NO: 06114392101
REF OTHER:

CASE TOTAL: $28.00
Certification Fee                    $9.00
Record Searches                      $9.00
Copy Fee                             $2.00
MONEY ORDER NO: P1099742
MONEY ORDER AMT:                    $28.00
CHANGE                              -$8.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:                  $28.00

THANK YOU

CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 06114309201

    LARRY    M BANKS

             CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-5.0/12-4.2-A-1 | F | AGG BATTERY |
| 720-5.0/16-2 | M | THEFT OF LOST OR MISLAID PROPRTY |
| 625-5/6-112 | T | TM-043-965 |
| 9-36-030 | T | TM-043-964 |
| 625-5.0/3-707 | T | TM-043-966 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

10/31/06 PROBABLE CAUSE TO DETAIN
        HENNELLY THOMAS JOSEPH
10/31/06 BAIL AMOUNT SET                                        $ 300000
        HENNELLY THOMAS JOSEPH
10/31/06 MOTION STATE - CONTINUANCE -MS          11/06/06 5148
        HENNELLY THOMAS JOSEPH
10/31/06 DEF DEMAND FOR TRIAL
        HENNELLY THOMAS JOSEPH
11/06/06 PRELIMINARY HEARING
        BOURGEOIS ADAM DONALD JR.
11/06/06 FNDG PROB CAUSE                          C001
        BOURGEOIS ADAM DONALD JR.
11/06/06 TRANSFERRED TO CRIMINAL DIV             11/29/06 1701
        BOURGEOIS ADAM DONALD JR.
11/06/06 DEF DEMAND FOR TRIAL
        BOURGEOIS ADAM DONALD JR.
11/06/06 MOTION TO INCREASE BAIL                        S       2
        BOURGEOIS ADAM DONALD JR.
11/06/06 BAIL AMOUNT SET                                        $ 500000
        BOURGEOIS ADAM DONALD JR.
11/06/06 NOLLE PROSEQUI                           C002
        BOURGEOIS ADAM DONALD JR.
11/06/06 NOLLE PROSEQUI                           C003
        BOURGEOIS ADAM DONALD JR.
11/06/06 NON-SUIT                                 C004
        BOURGEOIS ADAM DONALD JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 06114309201

LARRY    M BANKS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.                    C005
11/06/06 NOLLE PROSEQUI
     BOURGEOIS ADAM DONALD JR.

I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 11/26/07

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

(Rev. 10/30/00)  CCCR 0056

**STATE OF ILLINOIS** } ss:
**COUNTY OF COOK**

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of _a certain file (excluding medical records) all other contents case number: 06 cr 25666_

In a certain cause _Law_ pending in said Court, between The People of the State of Illinois _are_ , Plaintiffs and _Larry Banks_ _is_ , Defendant.

Witness:  DOROTHY BROWN,
Clerk of the court, and the Seal thereof, at Chicago
In said County, _February 22, 2008_

_Dorothy Brown_ sr
Clerk

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**STATE OF ILLINOIS**

v.

**BANKS, LARRY M**

06114309201

CB/DCN: 016701464   JR: 1031405   BRANCH: 01

COURT DATE: 10/31/2006 ROOM: 0100 TIME: 01:00

C001 720—5.012—4.2—A—1
C002 720—5.016—2
C003 625—5/6—112
C004 9—36—1030
C005 625—5.0/3—707

HEARING FINDING OF PROBABLE CAUSE

TRANSFER TO PRESIDING JUDGE

CRIMINAL DIVISION FOR

06114309201

JUDGE: HENNELLY THOMAS JOSEPH    CODE: 1908

COURT DATE: 11/06/2006 ROOM: 5148 TIME: 01:30

BOND NO: DEPOSIT   $: 300,000   BRANCH: 48

608 — PROBABLE CAUSE TO DETAIN
601 — BAIL AMOUNT SET
301 — MOTION STATE — CONTINUANCE
913 — DEF DEMAND FOR TRIAL

faces, removes or conceals any public record commits a Class 4 felony (720 ILCS 5/32—8)

# PRISONER DATA SHEET
## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NAME _Larry Banks_    ADDRESS _410 Adams_

CITY/TOWN _Tupelo, MS_    ZIP CODE

CASE NO. _06 143092 TM 043-966-965 966_

IR, CB, SID _1031405_    MAJOR CHARGE _720 5/2.4.2_    NO. COUNTS _5_

BAIL PREVIOUSLY SET _three hundred thousand_ $ _300,000_

CRIMINAL-MUNICIPAL-OTHER    ROOM _101_    TIME _9—_

BRANCH _9_    ADDRESS _2600 California_ CITY/TOWN _Chicago_

BAIL SET _____ $ _____

NEW COURT DATE _____

| | JUDGE | JUDGE'S NO. |
|---|---|---|

BAIL REDUCED/INCREASED _five Hundred Thousand_ $ _500,000_

NEW COURT DATE _11-29-06_    _Adam Ba_ JUDGE    _179_ JUDGE'S NO.

NEW COURT DATE _11-29-06_    _Adam Ba_ JUDGE    _179_ JUDGE'S NO.

DISPOSITION (REMAIN IN CUSTODY)
_05, A. Miller_
_95, 04 MCAS_

HEARING-FINDING OF PROBABLE CAUSE
TRANSFER TO PRESIDING JUDGE
CRIMINAL DIVISION FOR _11-29-06_

DATE _11-6-06_    _Adam Ba_ JUDGE    _179_ JUDGE'S NO.

DISPOSITION (RELEASE FROM CUSTODY)

FILED
8F-48
NOV 06 2006
D. BROWN
OF CIRCUIT COURT
COOK COUNTY

DATE _____    JUDGE    JUDGE'S NO.

DATE _11-6-05_    _____ DEPUTY CLERK

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

This form replaces CCG-N502/302D    CCCR N705-300M-1/21/04 (53350065)

1     STATE OF ILLINOIS)
                        )SS
2     COUNTY OF COOK    )

3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT-CRIMINAL DIVISION
4
      THE PEOPLE OF THE )
5     STATE OF ILLINOIS,)
               Plaintiff,)
6                        )
          vs.            )   No. 06 CR 25666
7                        )
      LARRY BANKS,       )
8            Defendant.)

9

10              REPORT OF PROCEEDINGS had at the hearing of

11    the above-entitled cause, before the Honorable

12    VICTORIA A. STEWART, one of the Judges of said

13    District, on the 6th day of December, 2006.

14

15              APPEARANCES:
                   HON. RICHARD A. DEVINE,
16                    State's Attorney of Cook County, by:
                   MS. MARY MALLO,
17                    Assistant State's Attorney,
                       appeared for the People;
18

19              The Defendant appeared pro se.

20

21

22    Jean M. Salerno
      CSR #084-002821
23    10220 S. 76th Avenue
      Bridgeview, IL   60455
24

                               1

1          THE CLERK:  Larry Banks.

2          THE COURT:  Second time up.  What is the motion

3     that's filed?  It would appear that the Defendant

4     has filed a pro se motion for discovery.  Public

5     Defender I appoint you to represent Mr. Banks.

6     Waive reading on the Information; pleading not

7     guilty.  Here, Miss State's Attorney, here is your

8     Preliminary Hearing transcript.

9          MS. MALLO:  Thanks, Judge.

10         THE COURT:  I have four Class X's, one Class 1,

11    six Class 2's, and three Class 3's.  I am appointing

12    the Public Defender's Office to represent you, Mr.

13    Defendant.  It's the first time that he appears in

14    my courtroom.  He's waiving reading on the

15    Information, he's entering a plea of not guilty on

16    your behalf.  The State's Attorney is filing a

17    motion for discovery and tenders case reports, and

18    Counsel acknowledges receipt of the documents.

19         MR. ZELENY:  Yes.

20         MR. BANKS:  Excuse me, ma'am.  May I address

21    the Court?

22         THE COURT:  Yes, you may.

23         MR. BANKS:  I would like to fire the Public

24    Defender and I would like to go pro se.  It's in the

1    Constitution. I have a constitutional right.

2        THE COURT: Mr. Defendant, you have a right

3    under the constitution to represent yourself, but I

4    want to make it perfectly clear that you're charged

5    with four counts of attempt first-degree murder, one

6    count of aggravated discharge of a firearm; Class 1,

7    aggravated unlawful use of a weapon; six counts, and

8    additional three counts of aggravated battery. Deal

9    first with the Class X offenses. These are six to

10   thirty years of incarceration in the Illinois

11   Department of Corrections. That sign says Judge.

12   It doesn't say Defense lawyer. It doesn't say

13   Prosecutor. It says Judge. If you wish to

14   represent yourself, I will hold you to the same

15   standards that I hold an attorney to. I will not

16   tell you how to prepare documents. I will not tell

17   you how to file them, and if you don't properly

18   follow the rules that are established by the Circuit

19   Court of Cook County and the Supreme Court of the

20   State of Illinois, I will deny them as not being

21   filed and not been properly handled. I strongly

22   suggest to you based upon the nature of the charges

23   that are against you that you allow an attorney who

24   is familiar with those rules to represent you so

1   that these things will be done properly.  Now, if

2   you tell me that you are refusing a lawyer and you

3   want to represent yourself, I am going to allow

4   that.

5           MR. BANKS:  Yes, ma'am.

6           THE COURT:  Now, is that what you're saying?

7           MR. BANKS:  Yes, ma'am.

8           THE COURT:  He represents himself.  Tender

9   those documents to the Defendant.

10          MS. MALLO:  Judge, can we have a chance to look

11  at these to see if we need to redact anything?

12          MR. ZELENY:  I will return the discovery to the

13  State and the Preliminary Hearing transcript as well

14  as the charging documents to the Clerk if they wish

15  to be retendered.

16          THE COURT:  He must file an indigency petition.

17  For all I know the man is a millionaire, and I will

18  appoint you to do so, but again I will not tell him

19  how to represent himself.  If you want to represent

20  yourself, I already warned you, Mr. Defendant, you

21  must follow the rules.

22          MR. BANKS:  Yes, ma'am.

23          THE COURT:  What motions are before me today?

24          MR. BANKS:  I have a motion to proceed pro se.

4

1      THE COURT:  Mr. Defendant, I already allowed

2   you to proceed pro se.

3      MR. BANKS:  I have a motion of a change of

4   venue.

5      THE COURT:  Do you have a written motion?

6      MR. BANKS:  Yes, ma'am.

7      THE COURT:  May I see it?  Did you serve a copy

8   of the motion to the State and file it with the

9   Clerk of the Circuit Court of Cook County?

10     MR. BANKS:  No, ma'am.

11     THE COURT:  Then, Mr. Defendant, you must give

12  the State notice.  Due process.  They're entitled to

13  notice and it says that the State is entitled to

14  notice.

15     MR. BANKS:  I have a copy here.

16     THE COURT:  Mr. Defendant, would you let -- let

17  me explain something again.  My sign says Judge.  It

18  doesn't say Defense attorney or Prosecutor.

19     MR. BANKS:  Yes, ma'am.

20     THE COURT:  Do you think it's fair if I let the

21  State's Attorney hand your lawyer something without

22  giving him notice of it?

23     MR. BANKS:  I didn't have a chance to give him

24  notice.

1    THE COURT:  Mr. Defendant, the rules are the

2    rules regardless of whether you represent yourself.

3    MR. BANKS:  May I ask the Court something.  I

4    am representing myself.  Will you be biased in this

5    case?

6    THE COURT:  Mr. Defendant, I told you at the

7    start of this if you wanted to represent yourself, I

8    would hold you to the same standards that I hold an

9    attorney because you're a lawyer when you represent

10   yourself.  Is that not correct, sir?

11   MR. BANKS:  Yes, ma'am.

12   THE COURT:  And the law requires that you serve

13   the other side with a notice of motion and the

14   motion be in writing and they get a minimum of

15   forty-eight hours.  Is the motion here in writing?

16   Was it filed and was it served forty-eight hours

17   before today's date; yes or no?

18   MR. BANKS:  It was not.

19   THE COURT:  Was it served forty-eight hours?

20   The rules aren't my rules.  Yes or no?

21   MR. BANKS:  No.

22   THE COURT:  Your request to have it heard today

23   is going to be denied.  You must serve it on them,

24   but I will give them the same rights that I give you

6

1     --

2       MR. BANKS: Yes, ma'am.

3       THE COURT: -- because I have to be fair to

4  both sides.

5       MR. BANKS: May I speak? Due to the

6  circumstances of me being incarcerated in the Cook

7  County Jail and due to the circumstances of me not

8  being able to get to the library because you have to

9  put in a library request to get documents notarized

10  that put me - you know what I'm saying - in a

11  disadvantage.

12       THE COURT: Mr. Defendant, let me tell you the

13  rules again. If you have a problem with the Sheriff

14  in the execution of your rights as a lawyer, you

15  must file a written motion before me alleging abuse

16  and you must serve the Sheriff of Cook County with

17  that motion and you then go to a hearing to see if

18  he's abusing his rights. Now, if you prove up that

19  he's abusing his rights, I will order that he do

20  something, but other than that, I will not interfere

21  with the administration of the jail because that's

22  inappropriate on my part and since you haven't said

23  or demonstrated by evidence an abuse and you haven't

24  given the Sheriff an opportunity to come in and

1   respond and again, I must be fair and you're

2   standing before me with just an accusation.  I have

3   no evidence.

4       MR. BANKS:  You know, I wrote --

5       THE COURT:  Did you serve the other side?  The

6   answer is no, Mr. Defendant.

7       MR. BANKS:  Yes, ma'am.

8       THE COURT:  Did you serve the other party?  Did

9   you file the written motion; yes or no?

10      MR. BANKS:  No.

11      THE COURT:  I will not have it heard before me

12  today unless you follow the proper rules and

13  procedures, and again I will suggest to you that you

14  don't know these rules and procedures and you're

15  charged with an offense that I could sentence you up

16  to thirty years in jail and I will allow a lawyer

17  who knows these rules to handle this matter.

18      MR. BANKS:  Excuse me, madam.  Again I say -

19  you know what I'm saying - on the record before the

20  Court --

21      THE COURT:  Mr. Defendant, you have a motion.

22  It must be in writing.  What is that motion that you

23  wish to make?  Tender it to me.

24      MR. BANKS:  I have a motion for a change of

1    venue.

2         THE COURT:  May I see it?

3         MR. BANKS:  Yes, ma'am.

4         THE COURT:  And then you say you want to change

5    jurisdiction and you want me to move it to another

6    County?

7         MR. BANKS:  Yes, ma'am.

8         THE COURT:  Have you served the State with the

9    motion?

10         MR. BANKS:  No.

11         THE COURT:  You have to file it with the Clerk.

12    Your request to have it heard is denied.  You must

13    follow the rules, Mr. Defendant.  Again I tell you

14    hire a lawyer or let me appoint the Public Defender

15    to represent you.

16         MR. BANKS:  By this time, your Honor, when I

17    was coming in on the motion before the Court, the

18    person that they have indicted under the charge --

19         THE COURT:  Mr. Defendant, I won't hear an oral

20    motion.  The law requires that all motions be in

21    writing and be served on the other side.  Do you

22    have a motion that's in writing and served on the

23    other side and properly so?

24         MR. BANKS:  No.

1          THE COURT:  I will not hear any motions unless

2     you follow the proper procedures and again, sir, my

3     fifth time I suggest that you let me appoint the

4     Public Defender who's a lawyer; who's capable of

5     getting these things appropriately filed and working

6     with you to represent you so that you could have

7     these hearings done; if not, sir, you will be

8     representing yourself, but I will be denying all of

9     those motions until you follow all these procedures

10    because the law requires me to do that, and I

11    wouldn't let the State's Attorney come in here on a

12    motion and not serve it on you.

13         MR. BANKS:  May I get my motion back and file

14    it with the Court?

15         THE COURT:  Tender the motion back to the

16    Defendant.  Original plus two copies must be served

17    on the other side.  It's a Motion Defendant

18    continuation.

19         MR. BANKS:  May I have the reading of the

20    Indictment?  I don't waive it.

21         THE COURT:  Miss Clerk, read the Indictment.

22         THE CLERK:  I have to read all of the counts?

23         THE COURT:  Oh, yes.

24         THE CLERK:  Count 1 first-degree murder --

1    attempt first-degree murder.   Count 2 --

2         THE COURT:   You got to read the entire

3    document.   Read the whole Indictment.

4         THE CLERK:   All of this?

5         THE COURT:   All right.   "The People of the

6    State of Illinois represented by the State's

7    Attorney of Cook County, do hereby inform and charge

8    that against the peace and dignity of the People of

9    the State of Illinois and in violation of the laws

10   of the State of Illinois the herein named Defendant

11   contrary to the 1992 Illinois Compiled Statutes did

12   violate said laws of Illinois as described herein.

13            The State's Attorney of Cook County

14   now appears before the Circuit Court of Cook County

15   and in the name and by the authority of the People

16   of the State of Illinois states that on or about

17   October 26,.2006 in the Cook County, Illinois Larry

18   Banks committed the offense of attempt first-degree

19   murder in that he, without lawful justification with

20   intent to kill, did any act, to wit:   Larry Banks

21   shot Quinton Hampton, which constituted a

22   substantial step towards the commission of

23   first-degree murder in violation of Chapter 720, Act

24   5, subsection 8-4 (a) of the Illinois Revised

11

1    Statutes -- Illinois Compiled Statutes rather

2    Section 720-5/9-1-(a)-(1) contrary to the Statute,

3    and against the peace and dignity of the same People

4    of the State of Illinois.  Sir, that is count number

5    1.

6              Count 2.  The State's Attorney of Cook

7    County now appears before the Circuit Court of Cook

8    County and in the name and by the authority of the

9    People of the State of Illinois states that on or

10   about October 26, 2006 in the Cook County, Illinois

11   Larry Banks committed the offense of attempt

12   first-degree murder in that he, without lawful

13   justification with intent to kill, did any act, to

14   wit:  Larry Banks shot at Paris Hampton, which

15   constituted a substantial step towards the

16   commission of first-degree murder, in violation of

17   the Illinois Compiled Statutes and contrary to the

18   Statute, and against the peace of dignity of the

19   same People of the State of Illinois.

20             Next Count.  The State's Attorney of

21   Cook County now appears before the Circuit Court of

22   Cook County and in the name and by the authority of

23   the People of the State of Illinois states that on

24   or about October 26, 2006 in the Cook County,

12

1    Illinois Larry Banks committed the offense of

2    attempt first-degree murder in that he, without

3    lawful justification with intent to kill, did any

4    act, to wit:  Larry Banks shot at Derrick Joyner,

5    which constituted a substantial step towards the

6    commission of first-degree murder, in violation of

7    the Illinois Compiled Statutes and contrary to the

8    Statute, and against the peace and dignity of the

9    same People of the State of Illinois.

10             Count Number 4.  The State's Attorney

11    of Cook County now appears before the Circuit Court

12    of Cook County and in the name and by the authority

13    of the People of the State of Illinois states that

14    on or about October 26, 2006 in the Cook County,

15    Illinois Larry Banks committed the offense of

16    attempt first-degree murder in that he, without

17    lawful justification with intent to kill, did any

18    act, to wit:  Larry Banks shot at Marcel Frierson,

19    which constituted a substantial step towards the

20    commission of first-degree murder in violation of

21    the Illinois Compiled Statutes and against the

22    Statute, and against the peace and dignity of the

23    same People of the State of Illinois.

24             Count Number 5.  The State's Attorney

1    of Cook County now appears before the Circuit Court

2    of Cook County and in the name and by the authority

3    of the People of the State of Illinois states that

4    on or about October 26, 2006 in the Cook County,

5    Illinois Larry Banks committed the offense of

6    aggravated discharge of firearm in that he,

7    knowingly or intentionally discharged a firearm at

8    or into a building he knew to be occupied and the

9    firearm was discharged from a place or position

10    outside that building, to wit:  South Rockwell, in

11    violation of the Illinois Compiled Statutes and

12    contrary to the Statute, and against the peace and

13    dignity of the same People of the State of Illinois.

14            Count Number 6.   The State's Attorney

15    of Cook County now appears before the Circuit Court

16    of Cook County and in the name and by the authority

17    of the People of the State of Illinois states that

18    on or about October 26, 2006 at and within said

19    County of Cook Larry Banks committed the offense of

20    aggravated unlawful use of weapon in that he,

21    knowingly carried on or about his person, a firearm,

22    at a time when he was not on his own land or in his

23    own abode or fixed place of business and the firearm

24    possessed was uncased, loaded, and immediately

14

1    accessible at the time of the offense, and Larry

2    Banks has been previously convicted of a felony, to

3    wit:  Armed Robbery under docket number 93 CR 25860,

4    and that was in violation of the Illinois Compiled

5    Statutes and contrary to the Statute and against the

6.   peace and dignity of the same People of the State of

7    Illinois.

8                    Count Number 7.  Aggravated unlawful

9    use of weapon on October 26, 2006 that you committed

10   the offense of aggravated unlawful use of weapon in

11   that you knowingly carried on or about your person,

12   a firearm, at a time when you were not on your own

13   land or abode or fixed place of business and that

14   you had not been issued a currently valid Firearm

15   Owner's I.D. card and that you had been previously

16   convicted of a felony armed robbery under case

17   number 95 -- Sorry -- 93 CR 25860; that's contrary

18   to the Compiled Statutes of Illinois and against the

19   peace and dignity of the People of the State of

20   Illinois.

21                   Count Number 8 that you knowingly

22   carried or possessed on or about your person a

23   firearm, in that you committed the offense of

24   aggravated unlawful use of weapon on October 26,

1    2006 in that at the time that you possessed the

2    firearm, it was on your person and upon a public

3    street, to wit:  South Rockwell, within the

4    corporate limits of the City of Chicago and at the

5    time you were not on your own land, in your own

6    abode, or fixed place of business and when you were

7    not an invitee thereon for the purpose of display of

8    such weapon or lawful commerce in weapons, and the

9    firearm possessed was uncased, loaded, and

10   immediately accessible at the time of the offense

11   and that you had been previously convicted of armed

12   robbery under case number 93 CR 25860 in violation

13   of Illinois Compiled Statutes and against the peace

14   and dignity of the People of the State of Illinois.

15                   Count Number 9.  It indicates that you

16   on October 26, 2006 committed the offense of

17   aggravated unlawful use of weapon in that you

18   knowingly carried or possessed on or about your

19   person a firearm upon a public street, to wit:

20   South Rockwell, within the corporate limits of the

21   City of Chicago, and at the time when you were not

22   on your own land, your own abode, or fixed place of

23   business, and when you were not an invitee thereon

24   for the purpose of display of such weapon or lawful

16

1    commerce in weapons, and that you had not been

2    issued a currently valid Firearm Owner's I.D. Card

3    and that you had previously been convicted of armed

4    robbery under case number 93 CR 25860, and that that

5    was in violation of Illinois Compiled Statutes and

6    against the peace of dignity of the State of

7    Illinois.

8              Charge Number 10.  It indicates that

9    on October 26, 2006 in Cook County, Illinois, Larry

10   Banks committed the offense of unlawful use of a

11   weapon by a felon in that you knowingly possessed on

12   or about your person, a firearm, to wit:  A rifle,

13   after having been previously convicted of the felony

14   offense of armed robbery under case number

15   93 CR 25860, in violation of the Illinois Compiled

16   Statutes and against the peace and dignity of the

17   People of the State of Illinois.

18             Count Number 11.  Larry Banks on or

19   about October 26, 2006 within Cook County committed

20   the offense of unlawful use of weapon by a felon in

21   that you knowingly possessed on or about your person

22   firearm ammunition, after having been previously

23   convicted of the felony offense of armed robbery

24   under case number 93 CR 25860 in violation of the

1    Illinois Statutes and against the peace and dignity

2    of the People of the State of Illinois.

3            Count Number 12.  It says that you

4    committed the offense of aggravated battery on

5    October 26, 2006 and within Cook County, in that you

6    in committing a battery intentionally or knowingly

7    caused great bodily harm to Quinton Hampton in that

8    you shot Quinton Hampton in violation of the

9    Illinois Compiled Statutes and against the peace and

10   dignity of the People of the State of Illinois.

11           Count Number 13 states that on October

12   26, 2006 Larry Banks committed the offense of

13   aggravated battery in that you in committing a

14   battery, intentionally or knowingly caused permanent

15   disfigurement to Quinton Hampton, in that you shot

16   Quinton Hampton in violation of the Illinois

17   Compiled Statutes and against the peace and dignity

18   of the People of the State of Illinois.

19           Count Number 14 indicates that Larry

20   Banks on October 26, 2006 committed the offense of

21   aggravated battery in that you knowingly and without

22   legal justification caused bodily harm to Quinton

23   Hampton in that you shot Quinton Banks while they

24   were on or about a publicway, to wit:  South

18

1    Rockwell, in Chicago, Cook County, Illinois, in

2    violation of the Illinois Compiled Statutes and

3    against the peace and dignity of the People of the

4    State of Illinois.

5              Count Number -- that is the last

6    count, sir.

7              On these counts, how do you plead?

8        MR. BANKS:  I plead not guilty and I object,

9    Judge.

10       THE COURT:  What's your objection, sir?

11       MR. BANKS:  My objection is the Defendant named

12   in the People of the State of Illinois versus Larry

13   Banks agreed by the amended charge of first-degree

14   murder because the Defendant was charged with

15   aggravated battery with a firearm under Illinois

16   Statutory Code 720, 5, Section 12/4.2 A.  It reads

17   knowingly, but the actual reading of the affidavit

18   charged with the Statutory Code is 720, Act 5, 12/

19   1.4 B without justification.  The reading of the

20   Information which the affidavit -- the information

21   charging the Defendant with the actual crime was

22   tooken (sic) by the Prosecutor to the Grand Jury

23   which the Grand Jury indicted the Defendant based

24   upon the amended complaint and it was a secret to

19

1    the Defendant.   The Defendant --

2        THE COURT:  Well, Mr. Defendant, let me stop

3    you.  Are you saying it's illegal for the State to

4    go to the Grand Jury?

5        MR. BANKS:  No, ma'am.  What I'm saying --

6        THE COURT:  What's your motion?

7        MR. BANKS:  My motion is that what the State

8    did they had the original affidavit for complaint

9    which was aggravated battery with a firearm.

10        THE COURT:  When you say affidavit for

11    complaint, what do you mean?

12        MR. BANKS:  Affidavit of information.  The

13    information that they took at the probable cause

14    after they bound me over.

15        THE COURT:  Mr. Defendant, that's not the

16    proper legal term.  I suggest if you want to play

17    lawyer, when you have a complaint for Preliminary

18    Hearing -- is that what you're referring to?

19        MR. BANKS:  Yes.

20        THE COURT:  It is --

21        MR. BANKS:  It's called an affidavit of

22    information.

23        THE COURT:  I have been a lawyer for 32 years.

24    I am telling you what it is.  If you want me to --

20

1    what you're saying is incorrect and if you look at

2    the complaint, if you look at the Preliminary

3    Hearing file -- and it's not here before me.  If you

4    look at the Preliminary Hearing complaint, it says

5    complaint for Preliminary Hearing on it.  Now, is

6    that what you're referring to; yes or no?

7          MR. BANKS:  No.

8          THE COURT:  You may make whatever reference you

9    want.  I would ask you to tender the document to me

10   that you're referring to because I am not familiar

11   with it, Mr. Defendant.  Let me see what you're

12   referring to.

13         MR. BANKS:  All right.

14         THE COURT:  Tender it to me now.

15         MR. BANKS:  This is what is read right there,

16   your Honor.

17         THE COURT:  Are you telling me this for the

18   record.  I will mark this as Defendant's Exhibit

19   Number 1 if you want me to introduce it into

20   evidence.

21         MR. BANKS:  Yes.

22         THE COURT:  You're indicating to me that this

23   is a document that was filed by the State's

24   Attorney; handwritten?

1        MR. BANKS:  No, ma'am.  It wasn't handwritten.

2   That was the information.

3        THE COURT:  Mr. Defendant --

4        MR. BANKS:  The State --

5        THE COURT:  You're referring to a document

6   which you say that the State filed against you at a

7   complaint for Preliminary Hearing.  Is that yes or

8   no?

9        MR. BANKS:  No.

10       THE COURT:  Mr. Defendant, is that the document

11   that you say the State filed against you when you

12   had a Preliminary Hearing; yes or no?

13       MR. BANKS:  No, ma'am.

14       THE COURT:  Then your request to introduce it

15   is denied.  Tender me the document that you claim

16   that the State filed at Preliminary Hearing.

17       MR. BANKS:  Well, ma'am, they never did give me

18   that copy of the original.  They gave me a copy of a

19   pink piece of paper.

20       THE COURT:  May I have that pink piece of

21   paper?

22       MR. BANKS:  I don't have it, your Honor.  When

23   I came --

24       THE COURT:  Now, Mr. Defendant, in a legally

22

1    succinct manner, what's your objection to the

2    complaint?

3        MR. BANKS:  My objection is that the complaint

4    was a bare-bone affidavit.

5        THE COURT:  What is the remedy that you seek,

6    Mr. Defendant?

7        MR. BANKS:  What remedy do I seek?  I seek a

8    rule.

9        THE COURT:  What is that remedy?

10       MR. BANKS:  That remedy is that the officer's

11   testimony cannot be rehabilitated, your Honor, and

12   to my extent it seems that they did not rehabilitate

13   the affidavit.  It came before the Grand Jury with

14   new information that was a secret to the Defendant.

15       THE COURT:  Miss State, is that a Grand Jury

16   Indictment of Information?

17       MS. MALLO:  Judge, it's a Grand Jury

18   Indictment.  Judge, the bond hearing was held;

19   perhaps that's what the Defendant is referring to.

20   The bond hearing was held -- I can only go by my

21   documents and references since he's not really told

22   me which documents or evidence that he's alleging

23   were filed.  I have nothing to reference that.

24       MR. BANKS:  Your Honor --

23

1          MS. MALLO:  I stand corrected, Judge.

2          THE COURT:  I gave you an opportunity to talk.

3     Let me tell you the rules.  You get a chance to

4     speak.  They get a chance to speak.  I rule.  If you

5     interrupt me again, I will shackle you.

6          MS. BANKS:  Yes, ma'am.

7          THE COURT:  I will be courteous and ask you

8     before I let the State talk, do you want to say

9     anything else?  Do you want to add anything before I

10    allow the State to speak?

11         MR. BANKS:  Yes.

12         THE COURT:  When she's talking, I will not let

13    you interrupt.

14         MR. BANKS:  Yes.  Sorry.

15         THE COURT:  Say anything else you want.

16         MR. BANKS:  Basically what I am saying that I

17    am at a disadvantage because I hadn't had a chance

18    to get a copy of the discovery.  The original people

19    that -- they gave me a piece of paper.  It was only

20    a copy.  They have the original - you know what I'm

21    saying - of the affidavit.

22         THE COURT:  Again, Mr. Defendant, you have no

23    right to discovery until after the arraignment.  You

24    are complaining about the State's failure to provide

1  you with the discovery at the Preliminary Hearing

2  where you have no constitutional right to discovery.

3  You are complaining that you don't have the

4  discovery.

5       MR. BANKS:  I am complaining --

6       THE COURT:  It's very suspect.  You said the

7  State denied you discovery.

8       MR. BANKS:  Never did say that the State denied

9  me the discovery.

10       THE COURT:  I told you before.  You have to

11  know the rules.  You have no discovery rights until

12  after the arraignment.  Now, again I'll ask you one

13  last time.  Is there any other statement that you

14  wish to make so I could rule and allow the State to

15  respond?

16       MR. BANKS:  Yes, ma'am.  I haven't finished

17  with my objections.

18       THE COURT:  Mr. Defendant, you have to file

19  motions in writing.  All right.  You're making a

20  motion and you haven't served the State.

21       MR. BANKS:  I am just objecting.  I am only

22  objecting on paper.

23       THE COURT:  And are you objecting --

24       MR. BANKS:  May I finish?

1          THE COURT:  I want you to state to me what

2    you're objecting to.

3          MR. BANKS:  What I am objecting to I am

4    objecting to the charges that I have been charged

5    with.

6          THE COURT:  File a written motion, Mr.

7    Defendant.

8          MR. BANKS:  Shouldn't I be able to object

9    orally?

10         THE COURT:  No.  You're objecting to the form

11   of the indictment; the ones that I just read, is

12   that correct?

13         MR. BANKS:  Yes.

14         THE COURT:  You're asking me to allow you to do

15   that.

16         MR. BANKS:  I am asking you to let me -- allow

17   you -- allow myself to finish my objection.

18         THE COURT:  Mr. Defendant, you want to strike

19   or dismiss these charges against you?

20         MR. BANKS:  No, ma'am.

21         THE COURT:  You just want to object on the

22   record?

23         MR. BANKS:  Yes, ma'am.

24         THE COURT:  All right.  Finish your objection.

26

1        MR. BANKS:  All right.  The Defendant objects

2    to the amended complaint because the Prosecutor

3    denied --

4        THE COURT:  There is no amended complaint.

5        MR. BANKS:  The Defendant objects to the

6    complaint because the Prosecutor at the alleged

7    probable cause hearing violated the Defendant's

8    constitutional rights under the 14th Amendment

9    because the Defendant --

10       THE COURT:  How were your rights violated under

11   the 14th Amendment?  That's conclusionary.

12       MR. BANKS:  They denied me life, liberty, and

13   property.

14       THE COURT:  How were you denied life, liberty,

15   and property?  That's conclusionary.

16       MR. BANKS:  Now I am finished.

17       THE COURT:  Mr. Defendant, you made a statement

18   to me.  I am asking you to state to me specifically

19   how you feel that your rights were violated.

20       MR. BANKS:  Because I wasn't able to - you know

21   what I mean-  to confront the accused.  I wasn't

22   able to, you know, confront the accused.  I wasn't

23   able to call witnesses on my behalf.

24       MS. MALLO:  If I may.  I am not trying to be

27

1      rude or interrupt.

2          THE COURT:  I will let him have his day in

3      court.  Whatever you like to say, Mr. Defendant,

4      then I will respond to you.

5          MR. BANKS:  Because the Defendant was not able

6      to confront the accused or question his witnesses or

7      call witnesses that could have set forth the actual

8      finding of facts.  The Defendant states that there

9      is no evidence which supports the amended charges

10     which the State upgraded because it has been 13

11     years since the Defendant's armed robbery and 10

12     years that have passed since the theft charge.

13         THE COURT:  Mr. Defendant, are you indicating

14     to me that even though there was a complaint for

15     aggravated battery that the State doesn't have a

16     right to upgrade the charge.  Do you have the

17     statutory basis for that?  Do you have any case law

18     that you wish to state to me for the record?

19         MR. BANKS:  Yes.

20         THE COURT:  Then I suggest that you give me the

21     statutes upon which you're basing that.

22         MR. BANKS:  I -- let me finish.

23         THE COURT:  No.  I would like to have it.  You

24     say it's a violation.  I want you to tell me what

28

1    statutes you're referring to.

2         MR. BANKS:  Well --

3         THE COURT:  Mr. Defendant, answer my question.

4    I will conclude this hearing.  What statutes?

5    You're saying they violated the statutes.  Tell me

6    how they violated it and first of all, I want to

7    know what statutes you're alleging there's a

8    violation of.

9         MR. BANKS:  I never said in there, your Honor,

10   they violated any statutes.  I said they violated my

11   constitutional rights.

12        THE COURT:  The constitution is a statute, Mr.

13   Defendant.  How did they violate it?

14        MR. BANKS:  How did they violate my

15   constitutional rights?  They violated it by denying

16   me life, liberty, and property by due process.

17        THE COURT:  That's your basis?

18        MR. BANKS:  Yes.

19        THE COURT:  Miss State, I will allow you to

20   respond.  He's wasting the Court's time.

21        MS. MALLO:  I misspoke before.  I apologize to

22   the Court and to the Defendant.  I said there was a

23   Grand Jury.  In fact there was a Preliminary Hearing

24   held before Judge Adam Bourgeois on the 6th day of

1    November of this year.  At that time the Defendant

2    was represented by Counsel; by an Assistant Public

3    Defender, and at that time there was

4    cross-examination, so the Defendant tells you he was

5    not able to cross-examine the witness.  Judge, he

6    has had that opportunity.

7        THE COURT:  Mr. Defendant, there is not a Grand

8    Jury Proceeding.  This is a felony information.  If

9    it was an indictment, it would have read indictment,

10   and I am referring to the documents that I have in

11   my hand, so while I listened to your argument and

12   your reference to the Grand Jury Proceeding, that

13   did not appear.  That's why I am stopping you

14   because the State did not proceed by way of Grand

15   Jury Indictment.  They proceeded by way of the

16   filing of a felony information.  Just so the record

17   is very clear, they filed a complaint for an

18   application; what you're calling an application.

19   They filed a complaint for a Preliminary Hearing.

20   At that time Judge Adam Bourgeois made a finding of

21   probable cause.  The State filed a felony

22   information.  That was a probable cause hearing.

23   You never appeared before the Chief Judge.  You were

24   assigned I assume to a courtroom and you may file

30

1    your written response that you had started in this

2    courtroom, and I will allow that to be part of the

3    record and the record will reflect you're objecting

4    to this entire proceeding which is what you wished.

5    All right.  The arraignment will proceed today.  I

6    read the Information.  I entered a plea of not

7    guilty on your behalf.  The State tendered their

8    motion for discovery to the Defendant in open court.

9    Acknowledge receipt of the motion for discovery.

10   Now, Mr. Defendant, again you represent yourself and

11   I will be very short.  You filed a motion for

12   discovery.  Did you serve the State?

13        MR. BANKS:  I haven't.

14        THE COURT:  Did you serve the State?  You will

15   not waste the Court's time.

16        MR. BANKS:  Yes, ma'am.

17        THE COURT:  Did you serve them?

18        MR. BANKS:  No, ma'am.

19        THE COURT:  How am I going to enforce upon them

20   a motion that you didn't give them?

21        MR. BANKS:  I am giving an oral motion.

22        THE COURT:  Mr. Defendant, our rules state that

23   all motions must be in writing and served on the

24   other side.  Now, if you want me to make them comply

31



1    with discovery, tender a motion to them and until

2    you tender it, I am not going to order them to

3    comply and you're going to allege a violation; a

4    violation of what?  A motion you haven't given them.

5    Think about it.  And again I think that you should

6    let a lawyer represent you, but I want to make sure

7    you understand me.  You will not waste Judge

8    Stewart's time anymore and I am not giving you any

9    more notice about what you need and the seriousness

10    of these charges and you choose to want to represent

11    yourself.  Now, you want to represent yourself.  You

12    filed a motion with the Court.  I have found your

13    motion to be deficient.  I will order them to

14    comply.  They have to have notice.  What date?

15        MR. BANKS:  How about --

16        THE COURT:  January what?

17        MR. BANKS:  I would like it before January,

18    your Honor.

19        THE COURT:  Mr. Defendant, my court call is

20    fully booked for the remaining portion of December.

21    I suggest that you pick a January date that's open

22    for you to come or cause to be served upon the State

23    these motions that you wish them to answer.

24        MR. BANKS:  January 3rd, your Honor.

32

1           MS. MALLO:   Judge, that date is actually

2      horrendous in here.

3           THE COURT:   Pick another day.

4           MR. BANKS:   January 4th.

5           THE COURT:   Is that open, Miss State?

6           MS. MALLO:   It is.

7           THE COURT:   January 4th.   Again, Mr. Defendant,

8      any motion that you don't properly serve will be

9      denied by me.

10          MR. BANKS:   May I say something?

11          THE COURT:   Put your motion in writing, Mr.

12     Defendant.   Have a lovely day.

13          MR. BANKS:   Thank you.

14          THE COURT:   You do have the right to SOJ me.

15     If you want a new Judge, you could have an SOJ.   I

16     would grant that.

17          MR. BANKS:   That's what I would like.

18          THE COURT:   Mr. Public Defender, would you hand

19     him an SOJ motion.   I will be more than happy to

20     sign that.   Let's transfer this matter back to the

21     Chief Judge of the Criminal Division for him to

22     reassign this to another Judge.   I need to transfer

23     this to 26th Street.   Strike the date of January

24     4th.   It's Motion Defendant.   I need a written

33

1    motion.  You can't do anything without a written

2    motion.  File a written motion.  Put my name on it.

3        MR. BANKS:  Can I get somebody from the jail to

4    do it.

5        THE COURT:  The Sheriff will bring it to you.

6    I don't think that you're going anywhere.  I will

7    put it on the order and sign the mittimus.  They

8    will get you the motion.  Motion Defendant.

9    Transfer this to the Presiding Judge of the Criminal

10   Division.  Let's see.  What date can we get it over

11   there.  Friday the 15th.  12-15-06.  Have a lovely

12   year.

13       MR. ZELENY:  Judge, if I may just have the

14   motion.

15       THE COURT:  The law requires that the motion be

16   tendered to me.  I can't grant it without being

17   tendered a written motion.  Hand me the motion when

18   you're finished, Mr. Defendant.

19       MS. MALLO:  Judge, would you like me to file

20   stamp that?

21       THE COURT:  Sure I would.  Expeditiously get

22   the file back over to the Chief Judge.  Have a

23   lovely life, Mr. Defendant.

24       MR. BANKS:  All right.

34

1          THE COURT:   I feel better.

2                              (WHEREUPON, the matter was

3                              transferred to the Presiding

4                              Judge of the Criminal

5                              Division for Reassignment.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS    )
                          )    SS
2    COUNTY OF C O O K    )

3

4              I, Jean M. Salerno, Official Shorthand

5    Reporter of the Circuit Court of Cook County, Fifth

6    Municipal District, do hereby certify that I

7    reported in shorthand the proceedings had in the

8    above-entitled cause and that I thereafter caused

9    the same to be transcribed into typewriting, which I

10   certified to be a true and correct transcript of all

11   the evidence heard.

12

13

14

15   _____
     Jean M. Salerno
16   Official Shorthand Reporter
     Circuit Court of Cook County
17   Fifth Municipal District
     Cert. No.  084-002821
18

19

20

21

22

23

24





Exhibit (G)

