*M HN*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2468 | **DATE** | May 30, 2008 |
| **CASE TITLE** | Larry Maurice Banks v. Dr. Abraham | | |

**DOCKET ENTRY TEXT:**

Petitioner has paid the filing fee. The court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's motion to supplement for Writ of Habeas Corpus [6] is denied as moot.

■ [For further details see text below.]

*Wm. J. Hibbler*

Docketing to mail notices.

---

## STATEMENT

Petitioner Larry Maurice Banks brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is currently being detained at the Elgin Mental Health Center and awaiting trial in the Cook County Criminal Division.

Under 28 U.S.C. § 2241, a district court has the power to entertain a writ for habeas corpus on behalf of a pretrial detainee when the petitioner is purportedly "in custody in violation of the Constitution or laws or treaties of the United States." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-93 (1973); *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 442 n.19 (7th Cir. 1982). However, in order to obtain a writ of habeas corpus, a petitioner ordinarily must first exhaust his state court remedies. *See Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) *cert. denied*, 446 U.S. 908 (1980); *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 328-29 (7th Cir. 1979). *See also In re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17-18 (1st Cir. 2000) (discussing *Neville* and noting that "federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues.") .

The current petition does not present special circumstances warranting pretrial habeas relief. Petitioner has not exhausted his state remedies because he has not even gone to trial yet. Petitioner still has available lower state court remedies, particularly direct review, if his trial does not result in an acquittal. *See Brink v. Rouch*, 677 F.Supp. 569, 571 (C.D. Ill. 1988); *Hughes v. Kiley*, 67 Ill.2d 261, 367 N.E.2d 700 (1977). Petitioner must first exhaust his state remedies before applying to the federal court for habeas relief.

Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|