MHN

7-17-08

FILED
JUL 8 8 2008
7-23-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT For the Northern District of Illinois Eastern Division

Banks vs Abraham, Superintendant of Elgin Mental Health center

Civil no: 08 cv 2468

Notice of Filing

PLEASE TAKE NOTICE PETITIONER has Cause to be filed by the court the Authorities to the Rule 60(b) Motion. Petitioner Cause Such to be sent 7-17-08 from Lehmen Drive P.O. Box 81 Chester, IL 62233

Certificate Service

PLEASE TAKE NOTICE PETITIONER has Cause to be filed by the court the Authorities to the Rule 60(b) Motion. Petitioner has only one copy, because of the facility want assist.

Respectfully Submitted

7-17-08

FILED
JUL 28 2008
7-23-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT
COURT For the Northern District
of Illinois
Eastern Division

Banks vs Abraham, Superintendant of
Elgin Mental Health Center,

Civil No: 08cv2468

Supplmental Exhibits to be
Attached to, The Motion pursuant to
Fed Rules of civil Procedure, Rule 60(b)

Now comes the Petitioner in want
of counsel, and submit the Supplmental
Exhibits to be Attached to, The Motion
pursuant to Fed Rules of civil procedure
Rule 60(b).

Due to the facility lacking a constitutio-
al law library the Petitioner is
unable to get a law. outside the
facility, But it take(s) Months, due to
the individual(s) sending it is not an
Attorney.

Respectfully submitted
m. R____

7-17-08

("A claim has been fairly presented when a petitioner has properly raised the "same factual grounds and legal theories" in the state courts which he is attempting to raise in his federal habeas petition"), Cert. denied, 518 U.S. 1029, 116 S.ct. 2674, 135 L.Ed.2d 1090 (1996)

To satisfy the exhaustion requirement a Habeas petitioner must fairly present his claim to the State's highest court. See: Spencer vs Murray, 18 F.3d 237, 239 (4th cir.1974)

Manning vs Alexander, 915 F.2d 879, 881 (6th cir.1990); The burden of proving that a claim has been exhausted lies with the petitioner.

The Exhaustion Requirement through not jurisdictional, Granberry vs Greer, 481 U.S. 129, 131, 107 S.ct. 1671, 1673-74, 95 L.Ed.2d 119 (1987), is strictly enforce, Rose, 455 U.S. at 522, 102 S.ct at 1205, However, the Exhaustion requirement for claims not fairly presented to the State's highest court is technically met when exhaustion is unconditionally waived by the State,

Sweezy vs Garrison, 694 F.2d 331, 331 (4th cir. 1982) (per curiam), cert. denied, 461 U.S. 908, 103 S.ct. 1882, 76 L.Ed.2d 812 (1983)

At least one circuit has held that a claim not raised on direct appeal can be exhausted for federal habeas corpus purposes if the claim falls within a class of claims for which the state Supreme court was statutorily required to review. See: Beam vs Paskett, 3 F.3d 1301, 1306-07 (9th cir. 1993), cert denied 511 U.S. 1060, 114 S. ct. 1631, 128 L.ed.2d 354 (1994)

Katwahren s. 92 F.3d at 1345 n.6 (4th cir 1995

Case vs State, 277 S.C. 474, 289 S.E.2d, 413-14 (1982); (court permitted a successive Application where the Applicant's first PCR application was filed without the benefit of counsel and was dismissed without a hearing.)

Fundamental miscarriage of Justice Coleman, 501 U.S. ct 750, 111 S.ct. at 2565

The "fundamental Miscarriage of justice" exception is available to those who are actually innocent, Murray vs Carrier, 477 U.S. 478, 495-96, 106 S.ct 2639, 2649-50, 91 L.Ed.2d 397 (1986); one must show that the prosecutor is trying a individual without evidence.

Batson vs Kentucky, 476 U.S. 79, 91, (1986) Swain vs Alabama, 380 U.S. 202, 224, 85 violation of Equal protection, due to the prosecuter, and Public Defender waive my Right to have Blacks on the Jury. June 25 2007, show a Prima facie case of discrimination, Hernandez vs New York, 500 U.S. 352, 368 (1991); The Burden of proof shifts to the prosecuter once the Appellant shows a "prima facie" case of discrimination. (race neutral).

Although counsel has the obligation to conduct a reasonable investigation even if the defendant is reluctant to cooperate, Blanco vs Singletary, 943 F.2d 1477, 1503 (11th cir.1991) cert. denied, 504 U.S. 943, 946, 112 S.ct 2282, 2290, 119 L.Ed.2d 207, 213 (1992); SEE: Exculpatory Evidence.

IN the INTEREST of Giving state courts the first opportunity to consider alleged constitutional ERRORS occuring in a defendant's state trial and Sentencing, a §2254 petitioner is required to "Exhaust" all state court Remedies before a federal district court can entertain his claims. 28 U.S.C. §§2254 (b) & (c); see: Also Rose vs bundy, 455 U.S. 509, 518, 102 S.ct. 1198, 1203, 71 L.ed.2d 379 (1982)

Thus a federal habeas court may consider only those issue(s) which have been "fairly presented" to the state courts. Picard vs connor, 404 U.S. 270, Townes vs Murry, 68 F.3d 840, 8116 (4th cir, 1995)

761 28 U.S.C. §2243 requires a circuit court power to bring a petitioner Before the court, and discharge him after hearing the testimony, which suct constitutional Right, statutory Law was Broken, the court has the right to discharge the petitioner.

§5753  28 U.S.C. §2243, Treaty of the united states