## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2468 | **DATE** | July 24, 2008 |
| **CASE TITLE** | Larry Maurice Banks v. Dr. Abraham | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to correct judgment pursuant to Federal Rules of civil procedure rule 60(b) [8] and motion For Relief from Judgment or Order, Pursuant to Rule 60(b)(2)&(5)(6) [9] are denied.

■ [For further details see text below.]    *Wm. J. Hibbler*    Docketing to mail notices.

### STATEMENT

Petitioner Larry Maurice has filed a motion to correct judgment pursuant to Federal Rules of Civil Procedure Rule 60(b) and a motion for Relief from Judgment or Order, Pursuant to Rule 60(b)(2)&(5)(6).

Relief from judgment under Rule 60(b) is an extraordinary remedy and granted only in exceptional circumstances. *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000). Rule 60(b) provides relief from judgments arising from special circumstances; it not a vehicle for correcting putative errors of law. *See, e.g., Russell v. Delco Remy Div. of General Motors*, 51 F.3d 746, 750 (7th Cir. 1995). The rule allows relief based only on grounds that could not have been used to obtain relief through direct appeal. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). The rule permits relief for errors attributable to mistake, inadvertence, fraud, newly discovered evidence, or void judgments. *See* Fed. R. Civ. P. 60(b).

The Court has carefully reviewed Petitioner's motion. Petitioner fails to carry this burden. The Court originally dismissed Petitioner's petition for a writ of habeas corpus because he had not exhausted his state remedies because he had not even gone to trial yet. *See* Minute Order of May 30, 2008.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Petitioner argues in this motion that he has exhausted his state remedies because he filed a petition for a writ of habeas corpus to the Illinois Supreme Court, which was denied. The Illinois remedy of habeas corpus is a very narrow remedy. *See Faircloth v. Sternes*, 367 Ill.App.3d 123, 125, 853 N.E.2d 878, 881 304 Ill.Dec. 801, 804 (2006). The Illinois Appellate Court explained in *Faircloth*:

> The Illinois Habeas Corpus Act (735 ILCS 5/10-101 et seq. (West 2002)) provides an extremely narrow remedy for state prisoners. The sole remedy or relief authorized by a writ of habeas corpus is the prisoner's immediate release from custody. *People ex rel. Burbank v. Irving*, 108 Ill.App.3d 697, 700, 64 Ill.Dec. 303, 439 N.E.2d 554 (1982). Habeas corpus relief is available to secure the release of a prisoner only when: (1) the court of conviction lacked subject matter or personal jurisdiction, or (2) some event subsequent to the conviction entitles the prisoner to immediate release from custody. *People v. Gosier*, 205 Ill.2d 198, 205, 275 Ill.Dec. 493, 792 N.E.2d 1266 (2001); *Barney v. Prisoner Review Board*, 184 Ill.2d 428, 430, 235 Ill.Dec. 1, 704 N.E.2d 350 (1998). Examples of subsequent events that might entitle a prisoner to habeas corpus relief include serving more than a maximum imposed sentence or transfer from one prison to another without a hearing. *People ex rel. Swiderski v. Brierton*, 65 Ill.App.3d 153, 154, 22 Ill.Dec. 308, 382 N.E.2d 628 (1978). Habeas corpus relief is not available to review errors that only render the judgment voidable or are of a nonjurisdictional nature, even where a denial of constitutional rights is alleged. *People ex rel. Lewis v. Frye*, 42 Ill.2d 311, 313, 247 N.E.2d 410 (1969). Consequently, where the original judgment of conviction is not void, a prisoner's maximum term has not yet expired, and nothing has occurred to warrant a prisoner's immediate discharge, the trial court is without jurisdiction to grant habeas corpus relief. *Owens v. Lane*, 196 Ill.App.3d 358, 360, 143 Ill.Dec. 77, 553 N.E.2d 784 (1990).

Petitioner's filing of a state petition for a writ of habeas corpus does not constitute full exhaustion because as the Court stated in its May 30, 2008, order, Petitioner still has available lower state court remedies, particularly direct review, if his trial does not result in an acquittal. *See Brink v. Rouch*, 677 F.Supp. 569, 571 (C.D. Ill. 1988); *Hughes v. Kiley*, 67 Ill.2d 261, 367 N.E.2d 700 (1977). In this Rule 60(b) motion, Petitioner is essentially arguing with the Court's legal reasoning. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

For the foregoing reasons, Petitioner's motion to correct judgment pursuant to Federal Rules of Civil Procedure Rule 60(b) and motion for Relief from Judgment or Order, Pursuant to Rule 60(b)(2)&(5)(6) are denied.