Aug 11, 2008
Aug 11 2008
FILED
Aug 11 2008
AUG 11 2008 YM
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

8-4-08

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS

Banks VS ABraham, superintendent of EMcH

Civil No: 08 CV 2468

Notice of Filing

The Petitioner has cause to be filed one
original copy of the following ANNEXED
To the Notice of Filing, sent via U.S.
postal Mail from Lehmen Dr. P.O. Box 31
Chester, Illinois.....

Certificate of Service

THE Petitioner has cause to be filed one
original copy of the following Notions
ANNEXED to the Certificate of service,
sent via U.S. postal Mail from
Lehmen Dr. P.O. Box 31, Chester, IL 62233

RESPECTFULLY submitted

FILED                                              8-4-08

AUG 11 2008
Aug 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

YM IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS

BANKS VS ABraham, Superintendent of EMCH

CIVIL NO. 08CV2468

Relief from Judgment or order pursuant
to Federal Rule(s) of civil procedure,
Rule 60 (a)

NOW COMES LARRY M. BANKS in WANT of
Counsel, and seek Relief From Judgment
or order, pursuant to Federal Rule(s) of
Civil procedure, Rule 60 (a)

Argument

The Petitioner State(s) that on July 24,
2008 Honorable William J. Hibbler, place
A Docket Entry text: Base on the Petitioner
"Petitioner's Motion to correct Judgement
pursuant to Fed Rule of civil procedure, rule
60 (b)(8) and Motion For Relief from Judgment
or order, pursuant to Rule 60 (b)(2)&(s)(6)(4).

THE PETITIONER use MATTHEW US
EVATT, 105 F.3d 907 as controling case
Law, The Petitioner states: To satisfty
Exhaustion Requirement, habeas petitioner
Must fairly present claim to state's
highest court 28 U.S.C. § 2254 (b, c).

THE PETITIONER STATES HE challenge the
STATES Jurisdiction IN THE State writ
OF HaBeas corpus, pursuant to 735 ILCS
5/10-101, Such Writ OF HABEAS corpus
AFfords A STATE petitioner the RiGHt to
ADDress constitutional issue(s).

The PETITIONER raised a federal Question
UNDER Federal Jurisdiction, which the
court has Jurisdiction to ANSwer
pursuant to 28 U.S.C. §§ 2241 (c) (3), such
constitutional Question was Secured in
THE STATE WRIT OF HABEaS CORPUS, pursuant
to 735 ILCS 5/10-101, and the ILLINOIS
Constitution of 1970, Article 1 Section 9...

The PETITIONER STATES: THE Exhaustion
Requirement, Though Not Jurisdictional, See:
Granberry VS Greer, 481 U.S. 129, 131, Such
Writ Was Brought pursuant to 28 U.S.C. †2241
(c)(3)...

THE CONGRESS INTENT FOR the two Statutes
ARE differnt IN Nature, because one has a
Exhaustion Requirment, 28 U.S.C. 2254
and 2241 doesn't, PETITIONER raised the
Statute 28 U.S.C. 2241, such statute was
Misconstrude has 28 U.S.C. 2254......

PETITIONER STATES: However, the Exhaustion
requirment For claims NOT fairly presented
to the state's highest court is Techically met
when Exhaustion is unconditionally Waived
by the state, Sweezy VS Garrison, 694 F.2d
331, 331 (4th cir 1982).

PETITIONER cites HE raised the issue(s) To the
"State court" in the Writ of HABeas corpus to
Cook county Criminal Division in case no.
06cr 2566601, AND To the Supreme court, such
issue(s) of Jurisdiction of raised such
as the Charges being Nolle prosequi,
and Brought back without a Motion to
Vacate, such issue(s) were Res-Judicata
and collateral ESToppel, AND The State
was BARRed from Bring charge(s), So the
Court Lack Jurisdiction over the PERSON
and Jurisdiction over the Subject Matter,
Such issue(s) were raised....

See George VS Angelone, 100 F.3d 853, 363 (4th cir, 1996), A claim that has not been presented to the highest state court Nevertheless may be Treated as Exhausted If it is clear that the claim would be procedurally defaulted under state Law if petitioner attempted to raise it at this Juncture, This Issue was raise, and the State court Refused to grant Relief, when such Relief is in the STATUTE, SEE: 735 ILCG 5/10-101, ILLINOIS CONSTITUTION OF 1970, Article 1 Section 9......

PETITIONER States: Fed Rule Civil Procedural, Rule 60(a) Allows the court to correct a Judgment or order pending appeal, The petitioner cites 28 U.S.C. §2241(a)(3) grant a Remedy For pre Trial Detainee's Who are Lockup in custody of the State forum, who haven't been convicted, but who are in custody, The petitioner States The Court have the power to hearing case For Reason(s) of Denial of Speedy Trial, and Double Jeopardy, Such constitutional issue(s) Were pleaded in the petitioner Writ pursuant to 2241(c)(3)

COURT STATMENT

Petitioner Argues in this Motion that he has Exhausted his State Remedies, because he filed a petitions for writ of habeas Corpus to Illinois Supreme court, which was denied. The illinois Remedy of habeas corpus is a very Narrow Remedy. See: Faircloth US Sternes, 367 Ill. App 3d 123, 125, (2006).

The Illinois Appellate court explain in Faircloth,

The Language doesn't Applie To the Petitioner, because He is a pre-Trial Detainee, And Not a prisioner. See: Illinois constitution of 1970, Article 1 section 9.

Controling case Law Silverman vs Barry, 727 F. 2d 1121 (D.C. Cir 1984) in which Judge Bark held that "Sensitivity and the Notion of Localism alone do Not provide a principled rationale for abstention where federal Jurisdiction admittedly exist. Federal Courts routinely decide local matters of great Sensitivity and we are not convinced that abstention from a federal Question case may be based on this rationale," Id at 1124, N.4.

EVEN the FEDERal Writ of haBeas corpus
does not require the imposition of
That requirement would irreparably harm
the claim being made. IN Braden vs Both
Judicial elecuit court, 410 U.S. 484, 'a
case IN MANy Ways similar to this MINE,
the Supreme court held habeas was Available
ON the QUESTION of a denial of a spredy
Trial even though state remedies had not
been Exhausted.

PETITIONER cite MR. JUSTICE REHNQUIST, with
whom THE CHIEF JUSTICE and Mr. JUSTICE
POWEUb concur, dissenting. Today the court
overrules Ahrens Vs clark, 335 U.S. 188 (1948),
which construed the Legislative intent of
Congress iN ENaeting the lineal predecessor
of 28 U.S.C. °° 2241, Although consideration
of 'convenience' may support the result
reached in this case, those considerations
are, iN this context, appropriate for congress,
Not this court, to make. ConGress has not
legislatively overruled Ahrens, and
subsequent 'developments' are simply
irrelevant to the Judicial task of ascertaining
the Legislative intent of Congress iN
prouiding, iN 1867, that federal district
court May issue Writ of HaBeas corpus

'within their respective jurisdictions.'
The court, however, not only accomplishes
a feat of Judicial prestidigitation but,
without dicussion or analysis, explicity
extends the scope of Peyton vs Rowe,
391 u.s. 54, (1968), and implicitly rejects
Ex parte Royoll, 117 u.s. 241 (1886)

The Petitioner raised a Sixth Amendment
Violation, the court cited in 93 s.ct 1123,
Petitioner filed this petition alleging
federal jurisdiction pursuant to 28 u.s.c.
& 2241, $2254 Section $2254 pertains only
to a prisoner in custody pursuant to a
Judgment of conviction of a State court;
in the context of the Attempt to assert
a Right to speedy Trial, there is simply No
§2254 Trap to 'ensnare' petitioner, such
as the court below felt existed. The
issue here is whether habeas corpus is
warranted under $ 2241(c)(3); that
Section empowers district courts to issue
the writ, inter alia, before a Judgment
is rendered in a criminal proceeding. It
is in the context of an Application for
a state prisoner prior to any Trial in
a state court that the effect of instant
decision must be Analyzed. . . . .

Smith vs Hooey, 393 U.S. 374, (1969), state(s)
Supra. Their is also no doubt that such
a prisioner may petition a Federal district
court for a Writ of Habeas corpus prior
to Trial. see: 28 U.S.C. 2241(c)(3). what
the court here disregards, however, is
almost a century of decisions of this
court to the effect that federal habeas
corpus for State prisioners, prior to
conviction, should not be granted absent
Truly Extraordinary circumstances.

The petitioner pleaded Extraordinary
circumstances, in The Writ §2241(c)(3),
when "State Actors" committed a criminal
offense by Removing the original affidavit
of complaint, after The complaint, was
Nelle Prosequi. The court Lacked Jurisdi-
ation to continue prosecution, due to
the state Not filing a Motion to vacate,
such Reinstating the charge(s), when No
charge(s) were Left is A Violation of
Petitioner 14th Amendment, Rights, and
the prosecutor was Barred under Res-
Judicata, and collateral Estoppel, from
bring the charges back, such Actions of
The prosecutor has in Bad-Faith For
the purpose of harassment, see:

People vs DeBuieck, 537 N.E. 2d 388, States: It has been held that a prosecutor's Statutory Authority to prosecute impliedly confers Authority to Nol-pros a charge When, in his judgment, the prosecution should not continue. (people vs Verstat (1983), 112 Ill. App. 3d 90, 104, 67 Ill. Dec. 691; 444 N.E. 2d 1374; see Also people vs Matuck (1988) 174 Ill. App. 3d 592, 593, 124 Ill. Dec. 211, 528 N.E. 2d 1102.) A Nolle prosequi is the formal entry of record by the prosecuting attorney by which he declares that he is unwilling to prosecute a case. (21 Am. Jur. 2d criminal Law §512 (1981)

" where, in a criminal proceeding, the prosecuting attorney causes the entrance of an unconditional Nolle prosequi or a dismissal of the "Complaint" at one term of court, the proceeding is terminated, and the same complaint can not be reinstated at a subsequent term and prosecution thereon resumed.

The Nolle prosequi AND SOL are Two differnt proceedings, due to A information Being Filed, the prosecution is Being prosued in BAD-Faith For the purpose of harassment, Such circumstances Warrant

EXtraordinary circumstances...


THE COURT STATE(S) PETITIONER'S Filing OF a STATE PETITION For a writ of habeas corpus doesn't NOT constitute full EXhaustion because as the court states in it May 30, 2008 order, Petitioner still has available Lower state court Remedies, particularly direct review, if his trial Not Result in an acquittal


CONTROl CASE Law MATTHEW, 105 F.3d 907, State(S): To satisfy EXhaustion Requirement, habeas petitioner must fairly present claims to STATE'S highest court.


Granberry VS Greer, 481 U.S. 129, 131, (1987): States, The EXhaustion REQUIREMENT Though NOT Jurisdictional, is a policy, which the court have adopted through comity, due to the EXtraordinary circumstances Petitioner Brought Forth A writ pursuant to 28 U.S.C. §§ 2241 c(e)(3) -...


THE Petitioner has suffered irreparable injuries, which has Damaged his state criminal case, AND the state forum

has allowed for the injustice to go unheard,
such actions have placed the petitioner
without a Remedy to address the
constitutional violate(s), due to the "State
Actor(s)" acting in BAD-Faith with Malice
intent for the purpose to harass, the
PETITIONER....

## Relief Sought

PETITIONER STATE(S) Rule 60 (a) grant the
Petitioner, Relief from Judgment or order,
the language is stated; During the pendency
of an appeal, such Mistakes may be so
corrected before the Appeal is docketed in
the Appending court, and thereafter while
the Appeal is pending may be so corrected
with leave of the Appellate court. In
otherwise the petitioner ask the court
to Adjudge the petition on the Merit,
Facts, And Law

Respectfully submitted